INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 883, et al., Appellants,

v.

FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION, Appellee.

No. 1034.

Court of Civil Appeals of Texas, Tyler.

July 21, 1977.

Gordon C. Tyner, Tyner & Tyner, Tyler, for appellants.

Robert R. Schwartz, Acting City Atty., Tyler, for appellee.

MOORE, Justice.

Plaintiffs, International Association of FireFighters, Local 883 and Bennie Reed, individually, filed suit against the Firemen's and Policemen's Civil Service Commission of the City of Tyler, Texas (Commission), seeking an injunction permanently restraining the Commission from abiding by the results of a promotional examination given on August 4, 1974, for the purpose of filling the position of Assistant Fire Marshal. Plaintiffs alleged that the procedure adopted in conducting the examination was irregular and void because the Commission failed to follow the procedure outlined by Section 8 of the City's Civil Service Rules and Article 1269m, Tex.Rev.Civ.Stat.Ann. Plaintiffs prayed for a permanent injunction and for an order to compel the Commission to conduct another examination in accordance with the Civil Service Rules promulgated by the City. The Commission answered with a general denial and moved for a summary judgment. After a hearing the trial court granted the Commission's motion for summary judgment and entered a take nothing judgment against plaintiffs from which they perfected this appeal.

We affirm.

The record is before us upon the following stipulations of fact: (1) On or about May 13, 1974, notice was given to the personnel of the Tyler Fire Department that an examination would be held to fill the position of Assistant Fire Marshal; (2) Notice of the examination stated that the examination would be open to those holding the position of Captain; (3) On May 24, 1974, there were three Captains in the Fire Department eligible to take the examination for the position of Assistant Fire Marshal; (4) No one applied to take the examination to be given on May 24, 1974; (5) On or about May 22, 1974, a second notice was given to the personnel of the Tyler Fire Department that an examination would be held to fill the position of Assistant Fire Marshal; (6) Notice of the examination stated that the examination would be open to those holding the positions of Captain or Lieutenant; (7) On June 7, 1974, there were three Captains and fourteen Lieutenants in the Fire Department eligible to take the examination for the position of Assistant Fire Marshal; (8) Only one applicant applied to take the examination; (9) The examination was given to the one applicant on June 7, 1974, and the applicant failed to qualify by making the minimum grade of 70 points; (10) On June 27, 1974, notice of a new examination was posted, again opening the examination to the classifications of Captain or Lieutenant; (11) Pursuant to Rule XI, Section 1 of the Rules and Regulations of the Firemen's and Policemen's Civil Service Commission, the examination posted on or about June 27, 1974, was postponed to a later date; (12) On or about August 9, 1974, notice of a new examination was posted, again opening the examination to the classifications of Captain or Lieutenant; (13) On August 22, 1974, three Captains and fifteen Lieutenants were eligible to take the examination for the position of Assistant Fire Marshal; (14) Only one applicant applied to take the examination; (15) The examination was given to the one applicant on August 22, 1974; (16) The applicant taking the August 22, 1974, examination passed the examination by making a grade in excess of 70 percent; (17) Thereafter, the applicant was appointed by the Fire Chief of the City of Tyler, Texas, to fulfill the position of Assistant Fire Marshal; and (18) On or about August 2, 1974, the position of Assistant Fire Marshal, Tyler Fire Department, was officially created.

Article 1269m, supra, provides that the Commission shall make rules and regulations governing promotions and shall hold competitive promotional examinations to provide eligibility lists for each classification in the Police and Fire Department. The statute reads, in part, as follows:

"Sec. 10. When a vacancy occurs in the Fire Department . . ., the Fire Chief or head of the Fire Department . . . shall request in writing from the Commission the names of suitable persons from the eligibility list, and the Director shall certify to the chief executive of said city, *the names of three (3) persons having the highest grades on the eligibility list,* and the said chief executive shall thereupon make an appointment from said three (3) names. . ." (Emphasis supplied.)

"Sec. 14A. All promotional examinations shall be open to all policemen and firemen who have held a *continuous position for two (2) years* or more in the classification immediately below in salary of that classification for which the examination is to be held; *except* where there is not a sufficient number of members in the *next lower position with two (2) years service in that position* to provide an adequate number of persons to take the examination, the Commission *may extend* the examination to the members in the *second lower position* in salary to that for which the examination is to be held." (Emphasis supplied.)

Section 8 of the City's Firemen's and Policemen's Civil Service rules implements Sec. 14 A of the statute and provides, in part, as follows:

"All promotional examinations shall be opened to a minimum of three persons for one appointment, five persons for two appointments, six persons for three appointments, etc., in accordance with the certification requirements for original positions. No person who has filed with the Civil Service Director a written withdrawal from the examination shall be counted as one of those eligible.

"Where there is a sufficient number of applicants as outlined above with two years' service in the rank immediately below that to be filled, the examination shall be limited to those persons. If there is not a sufficient number with two years' service to provide an adequate number eligible to take the examination, then said examination shall be opened to any person in the rank next below who has satisfactorily completed the six months' probationary period in that rank.

"Any promotional examination shall be opened to as many ranks as may be necessary to provide an adequate number of persons eligible to take the examinations."

By a single point of error plaintiffs contend that the trial court erred in rendering a summary judgment in favor of the Commission. They take the position that since only one qualified applicant desired to take the examination, the Commission was required by virtue of the provision of Article 1269m, supra, as well as the City's Civil Service Rules, to open the examination to Drivers, which was the next classification below Lieutenant. Consequently, they argue that the Commission exceeded its authority in ordering the examination and for this reason the order was invalid. Therefore, they maintain that they were entitled to an injunction as a matter of law requiring the Commission to order a new examination opening the same to Drivers. In support of their contention they rely on the decision in *Stahl v. City of Houston*[1] holding that under the provisions of Article 1269m, supra, unless there are three or more qualified applicants desiring to take a Civil Service examination, the order calling the examination is invalid.

We are not in accord with the proposition that plaintiffs have shown themselves to be entitled to injunctive relief as a matter of law because of the holding in *Stahl*. Assuming, without deciding, that the order of the Commission in the present case was invalid because of the holding in *Stahl*,

---

1. 397 S.W.2d 318 (Tex.Civ.App.—Houston 1965, writ ref'd n. r. e.).

plaintiffs still had the burden of showing that they, as party plaintiffs, had some justiciable interest in the matter and suffered some injury.

 It is elementary that in order to justify the granting of an injunction it must be shown that some damage or injury will result to the complaining party. In other words, the plaintiff must show that he will be injured by the defendant's act. *Haden Employees' Ass'n v. Lovett*, 122 S.W.2d 230, 232 (Tex.Civ.App.—Galveston 1938, writ ref'd); See 31 Tex.Jur.2d Injunctions Sec. 17, p. 58. In the case of *General Tire & Rubber Co. v. Texas Pacific Coal & Oil Co.*, 102 S.W.2d 1086, 1089 (Tex.Civ.App.—Forth Worth 1937, writ ref'd), the court pointed out that a proceeding for injunction, being purely equitable, may be maintained only by one who shows a clear right and certain injury that will reasonably flow from interference with such rights. See also *Cain v. Trueheart*, 12 S.W.2d 239, 241 (Tex.Civ.App.—San Antonio 1928, writ dism'd).

Nowhere in their pleadings do plaintiffs alleged that they have suffered any injury or will suffer injury in the event an injunction is not granted. Moreover, the record is devoid of any proof whatever showing how or why the giving of the examination to only one applicant adversely affected their rights. Plaintiff, Bennie Smith, does not alleged in his petition or contend in his brief that he was an eligible Driver and that the action of the Commission deprived him of a right to take the examination and there is nothing in the record showing that the action of the Commission adversely affected any right of the International Association of Fire Fighters. In short, there is nothing in the record to show that either plaintiff had any interest in the matter.

In order for a party to be entitled to an injunction, the right sought to be protected must be an existing one and must be a legally cognizable and justiciable right or interest. See 31 Tex.Jur.2d Injunctions sec. 19, p. 62. In the absence of any proof establishing a justiciable interest, no actionable injury could have resulted to the plaintiffs.

Where the defendant, as here, files a motion for summary judgment, the question to be determined is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). Upon applying the foregoing rule to the facts here, the summary judgment proof obviously establishes that there is no genuine issue of a material fact on one or more elements of plaintiffs' cause of action. It follows that the appellee was entitled to a judgment as a matter of law.

The judgment of the trial court is affirmed.