CITY OF SAN ANTONIO, Appellant,

v.

BEE–JAY ENTERPRISES, INC., Appellee.

No. 16923.

Court of Appeals of Texas, San Antonio.

Nov. 25, 1981.

Rehearing Denied Dec. 17, 1981.

Nelson A. Clare, San Antonio, for appellant.

Walter Dibrell, San Antonio, for appellee.

Before KLINGEMAN, CLARK and BASKIN, JJ.

## OPINION

BASKIN, Justice.

The City of San Antonio (City) appeals the entry of a temporary injunction in favor of Bee-Jay Enterprises, Inc. (Bee-Jay) in which the City is enjoined from interfering with the "probable rights" of Bee-Jay to collect garbage from residents in the City of San Antonio in any manner that would effectively terminate Bee-Jay's garbage collection services and from enforcing against Bee-Jay an ordinance which amended Chapter 17 of the City Code to prohibit the operation of unfranchised residential garbage collection services and providing a penalty therefor. We reverse the order of the trial court and dissolve the temporary injunction.

City is a home rule municipality. Bee-Jay began collecting garbage in an unincorporated area called Gateway Terrace in 1958. From that time until the present, Bee-Jay has collected garbage under contract with Gateway Water Corporation or its predecessor, Gateway Water Supply Corporation. The latter two corporations have had and now have contracts with residential and commercial customers in Gateway Terrace to pick up garbage; and they have contracted with Bee-Jay to perform the actual garbage pick-up services. The City annexed Gateway Terrace in 1972. At that time, Bee-Jay's customers were notified by the City that garbage pick-up would be commenced by the City within two weeks. Someone at Bee-Jay called the director of public works for the City and advised him of the existence of the contracts with the customers within Gateway Terrace. As no further action was forthcoming from the City, Bee-Jay continued to collect garbage in the area.

In April, 1981, City filed this suit to enjoin Bee-Jay from operating a private unfranchised residential garbage service within the City of San Antonio's limits. City's application for a temporary injunction was denied. On July 2, 1981, City enacted Ordinance No. 53993, which amended Chapter 17 of the City Code by adding the following provision:

"*Unfranchised Residential Collection Prohibited.* Except for private, residential garbage collection service which may be provided to dwellings which are exempted under Section 17–5(c), no person, firm or entity shall provide or attempt to pro-

vide garbage collection service within the City of San Antonio to dwellings of the type enumerated in Section 17–5(a) without first obtaining from the City of San Antonio a franchise to conduct such business on public streets."

The Ordinance also made violation punishable by fine. Subsequent to passage of the ordinance, City notified residents of Gateway Terrace that City garbage collection would begin in that area on July 13, 1981. On July 10, 1981, Bee-Jay filed its counter claim to enjoin the City from collecting garbage in Gateway Terrace.

The City urges that the district court abused its discretion by granting a temporary injunction which enjoins the enforcement of Ordinance No. 53993 because such ordinance is penal in nature and a court of equity is without jurisdiction to enjoin enforcement of a penal ordinance; because Bee-Jay possesses an adequate remedy at law to obtain relief sought; because Bee-Jay has no probable right to operate a garbage collection business within the City and has no probable injury; because the court was without jurisdiction to grant relief not sought in the petition; and because the order is void for lack of specificity.

■ Our review of an order granting a temporary injunction is limited to determination of whether there has been an abuse of discretion in granting the injunction. *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978). The trial court abuses its discretion when the law is misapplied to established facts, or when the evidence does not reasonably support the conclusion that the applicant has a probable right of recovery. *State of Texas v. Southwestern Bell Telephone Company,* 526 S.W.2d 526 (Tex.1975).

■ The general rule is that equity will not enjoin enforcement of the criminal law. *State v. Logue,* 376 S.W.2d 567 (Tex.1964); *Kemp Hotel Operating Co. v. City of Wichita Falls,* 141 Tex. 90, 170 S.W.2d 217 (1943); *Ex Parte Sterling,* 122 Tex. 108, 53 S.W.2d 294 (1932). There is, however, an exception. Courts of equity may enjoin the enforcement of a criminal statute or ordinance only when it is unconstitutional or otherwise void and when its enforcement invades a vested property right. *State v. Logue, supra; Kemp Hotel Operating Co. v. City of Wichita Falls, Ex Parte Sterling, supra. Ex Parte Sterling* and *State v. Logue* dealt with temporary injunctions which prevented enforcement of penal statutes regulating the use of state highways by truckers for the purpose of carrying on a business for profit, the statutes being attached on constitutional grounds. In each case it was held that the truckers had no vested right to use the streets and highways in carrying on a commercial business. In *Kemp Hotel Operating Co. v. City of Wichita Falls,* garbage haulers who had been licensed by the City to enable them to collect and haul garbage but whose licenses had expired, had no vested property rights in the subject matter of the ordinance providing for gathering and disposal of garbage so as to entitle them to enjoin enforcement of the ordinance.

In *West Texas Utilities Co. v. City of Baird,* 286 S.W.2d 185 (Tex.Civ.App.—Eastland 1956, writ ref'd n.r.e.) the court held that the electric utility had no right, without a franchise, to use the streets and alleys of any incorporated city or town in the operation of its business, describing a franchise as a special privilege conferred by government on individuals which does not belong to the citizens generally as a common right. The utility company's right to sell electricity was not dependent upon a franchise from the City of Baird, but its right to use the City streets and alleys in the operation of that business was dependent upon a franchise. Its franchise having expired, the utility company no longer had a right to use the streets and alleys, as such right, or the determination of such right, rested with the legislative body of that city.

■ Applying the rationale of those cases, we hold that appellee, Bee-Jay, had no vested property right in the use of the streets and alleys of that portion of the City of San Antonio known as Gateway Terrace Subdivision. There being no vested property right to use the streets for its commer-

cial venture, Bee-Jay failed to show irreparable injury to property. In fact, Bee-Jay did not allege any vested property rights in the use of the streets, but only an impairment of its contractual obligation with Gateway Water Supply, Inc. The absence of an allegation of a threatened invasion of such a vested property right is fatal to injunctive relief. *Mooney v. City of San Antonio*, 386 S.W.2d 638 (Tex.Civ.App.—San Antonio 1965, writ ref'd). Equity then will not support injunctive relief to test the constitutionality of this ordinance. An adequate remedy at law is available to Bee-Jay in any penal proceeding which may follow if it violates Chapter 17 of the City Code as amended by Ordinance No. 53993. *State v. Logue, supra; Kemp Hotel Operating Co. v. City of Wichita Falls, supra; Ex Parte Sterling.* For all of these reasons we hold that the trial abused its discretion in granting the temporary injunction.

The City urges that the trial court abused its discretion by granting temporary injunctive relief not sought in the petition. The City also complains that the injunctive order is void for lack of specificity. Holding as we do that the trial court abused its discretion for the reasons given above, we need not address these issues.

The parties argue the constitutionality of the ordinance. A court will not pass on the constitutionality of legislation if the case before it may be decided without so doing. *San Antonio General Drivers Helpers Local No. 657 v. Thornton*, 156 Tex. 641, 299 S.W.2d 911 (1957). Accordingly, we do not pass upon the constitutionality of Ordinance No. 53993.

The order of temporary injunction is hereby dissolved and the cause is reversed and remanded to the trial court for proceedings not inconsistent with this opinion.