Eliseo **VALENZUELA, Jr.** and Charles W. **Bolton**, Appellants,

v.

Eduardo **AQUINO**, et al., Appellees.

No. 13–88–184–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 15, 1988.

Rehearing Denied Jan. 12, 1989.

Clifford L. Zarsky, Corpus Christi, Wm. Charles Bundren, Dallas, for appellants.

Peter G. Merkl, Tony Bonilla, Sr., Bonilla, Read, Bonilla & Berlanga, Corpus Christi, for appellees.

Before NYE, C.J., and KENNEDY and UTTER, JJ.

## OPINION

KENNEDY, Justice.

This is an appeal from a granting of a temporary injunction. We order the injunction dissolved.

This case concerns a temporary injunction granted against appellants and others prohibiting certain residential picketing in front of appellees' home. The record reveals that appellants and others had been picketing appellees' place of business for a number of years. Appellants then decided to begin picketing in front of appellees' home. Appellees sought and obtained a temporary injunction which prohibited appellants; from:

a. engaging in any type of picketing or protest conduct within one-half mile of appellees' home.

b. intentionally communicating with appellee in person, by telephone, or in writing in vulgar, profane, obscene or indecent language, or in a coarse or offensive manner with the intent to annoy or alarm appellee.

c. threatening appellee in person by telephone or in writing to take unlawful action against any person.

d. placing one or more telephone calls anonymously at any unreasonable hour in an offensive, repetitious manner or without a legitimate purpose of communication with the intent to annoy or alarm appellee.

e. threatening appellee with imminent bodily injury.

f. intentionally, knowingly, or recklessly causing bodily injury to appellee.

■ In reviewing an order granting or denying a temporary injunction, all reasonable presumptions will be indulged in support of the trial court's judgment. *Diesel Injection Sales & Service, Inc. v. Gonzalez,* 631 S.W.2d 193 (Tex.App.—Corpus Christi 1982, no writ); *Lee v. Lee,* 359 S.W.2d 654 (Tex.Civ.App.—Houston 1962, writ ref'd n.r.e.). To prevail on an application for temporary injunction, an applicant need only plead a cause of action and show a probable right on final trial to the relief he seeks and probable injury in the interim. *State of Texas v. Southwestern Bell Telephone,* 526 S.W.2d 526 (Tex.1975); *Sun Oil v. Whitaker,* 424 S.W.2d 216 (Tex.1968).

■ The general rule of law in Texas is that a trial court is cloaked with broad discretion in determining whether to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case on its merits. When that discretion is exercised, it should not be overturned on appeal unless the record discloses a clear abuse of discretion. *State v. Southwestern Bell Telephone,* 526 S.W.2d at 528; *Texas Foundaries Inc. v. International Molders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460 (1952); *Home Savings Assoc. v. Ramirez,* 600 S.W.2d 911 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). The test for abuse of discretion is whether the court acted without reference to any guiding rules or principles. *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (Comm'n App.1939, opinion adopted). More recently, the test has been stated as whether the act in question was arbitrary or unreasonable. *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439 (Tex.1984); *Landry v. Travelers Insurance Co.,* 458 S.W.2d 649 (Tex.1970).

In reviewing the trial court's order concerning the temporary injunction, we must draw all legitimate inferences from the evidence in the light most favorable to the trial court's judgment. *Hartwell's Office World, Inc. v. Systex Corp.,* 598 S.W.2d 636 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). In addition, in reviewing the trial court's judgment where findings of facts and conclusions of law are not filed, this Court will uphold the judgment on any legal theory supported by the evidence. *Seaman v. Seaman,* 425 S.W.2d 339 (Tex.1968); *Public Utilities Board v. Central Power & Light Co.* 587 S.W.2d 782 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.).

■ Appellants' first and second points of error both attack the granting of the

injunction on constitutional grounds. It is appellants' contentions that the injunction, as it was issued, is in direct violation of the First Amendment to the United States Constitution. Initially, we must determine whether or not the proscribed activity, i.e. picketing, is constitutionally protected. "There is no doubt that as a general matter peaceful picketing and leafletting are expressive activities involving 'speech' protected by the First Amendment." *United States v. Grace,* 461 U.S. 171, 176–77, 103 S.Ct. 1702, 1706, 75 L.Ed.2d 736 (1983). *see also Iranian Muslim Organization v. City of San Antonio,* 615 S.W.2d 202 (Tex. 1981). "[T]here can be no doubt that ... peaceful picketing on the public streets and sidewalks in residential neighborhoods ... (constitutes) expressive conduct that falls within the First Amendment's preserve." *Carey v. Brown,* 447 U.S. 455, 460, 100 S.Ct. 2286, 2290, 65 L.Ed.2d 263 (1980); *see also Shuttlesworth v. Birmingham,* 394 U.S. 147, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969); *Gregory v. Chicago,* 394 U.S. 111, 113, 89 S.Ct. 946, 947–48, 22 L.Ed.2d 134 (1969).

■ Since it is apparent that the order in question proscribes a constitutionally protected activity, we must now look to see if some exception applies which would justify the trial court's action. Texas recognizes a right to privacy. This right includes the right to be free from willful intrusions into one's personal life at home and at work. The right to be left alone from unwanted attention may be protected by injunctive relief. *Kramer v. Downey,* 680 S.W.2d 524 (Tex.App.—Dallas 1984, writ ref'd n.r.e.); *see Hawks v. Yancey,* 265 S.W. 233 (Tex. Civ.App.—Dallas 1924, no writ). In *Carey v. Brown,* 447 U.S. 455, 100 S.Ct. 2286, 65 L.Ed.2d 263 (1980) the Court made it quite clear that residential picketing was not above state regulation. " '[N]o mandate of our Constitution leaves states and governmental units powerless to pass laws to protect the public from the kind of boisterous and threatening conduct that disturbs the tranquility of spots selected by the people ... for homes wherein they can escape the hurleyburly of the outside business and political world.' " *Id.* at 470, 100

S.Ct. at 2295. In *Frisby v. Schultz,* —— U.S. ——, 108 S.Ct. 2495, 101 L.Ed.2d 420 (1988) the Supreme Court again recognized that the right of privacy may be protected by state action and that individuals are not required to tolerate unwanted speech in their homes and that the government has a legitimate interest in protecting individuals from such intrusions. In *Frisby,* the ordinance in question was designed to prohibit picketing much like that in this case. In *Frisby,* the Supreme Court noted that the ordinance in question banned picketing which was not designed to disseminate a message to the general public, but was intended to intrude upon a targeted resident, in an offensive manner. The record in this cause reveals that the picketing in *Frisby* was very similar to the activity and intentions of the appellants in this cause. In *Billings v. Atkinson,* 489 S.W.2d 858 (Tex.1973), our Supreme Court also acknowledged that the State has a duty to protect its citizens from wrongful intrusions into their private activities where such intrusions are conducted "in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities." *Id.* at 859.

Having determined that an injunction could issue in this cause, we now must look to the specific actions prohibited by the injunction in question to determine if the injunction is narrowly drawn to achieve this compelling state interest without unnecessarily infringing on the First Amendment rights of the appellants. Clearly the injunction in question is overly broad. While we recognize that a sufficiently narrowly drawn injunction could prohibit certain conduct by appellants in the area immediately surrounding the appellees' home, we can find no compelling state interest which justifies an injunction which prohibits the appellants, without exception, from picketing in an area within a half-mile radius of the appellees' home. *See Portland Feminist Women's Health Center v. Buhler,* 859 F.2d 681 (9th Cir.1988).

Having ruled on the dispositive points of error, we decline to address the remainder of appellants' points.

The temporary injunction is ordered dissolved.