Thomas N. JAMES, Individually, and as President of the University of Texas Medical Branch—Galveston, A. Yvonne Russell, Individually, and as Assistant Vice President and Dean of Students, UTMB, Harold Vanderpool, Individually and as an Official of UTMB, Appellants,

v.

Wendell WALL and Forrest Wall, Appellees.

No. A14–89–673–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 9, 1989.

Kevin Thomas O'Hanlon, Austin, for appellants.

Jerry S. Payne, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from an order granting a temporary injunction. The interlocutory order for injunctive relief was granted by the court below pending trial set for March 12, 1990, in which appellees here, plaintiffs below, will seek: (1) declaratory judgment; (2) damages under 42 U.S.C.A. § 1983; and, (3) a permanent injunction. The order commands appellants to assist appellees in the furtherance of their study of medicine at the University of Texas Medical Branch at Galveston, and to refrain from interfering with such studies or with the taking of National Board Exams by appellees.

Appellant brings nine points of error alleging, generally, that there is no evidence or insufficient evidence to support the findings of the trial court, and that the order overruled or changed a disciplinary penalty set down by the president of the University of Texas Medical Branch at Galveston. We affirm the granting of the temporary injunction.

Appellees are twin brothers of Chinese ancestry who attend medical school at the university where appellants are faculty and administrators. During the first year of appellees' attendance at the medical school

they were accused of cheating. Appellees acknowledged they had cheated by collaborating in the writing of a required paper which each of them submitted to professors of a course on the subject of medical ethics under color of his own respective individual authorship. When the university faculty discovered the papers were identical, a disciplinary complaint was issued by the school and a penalty was proposed by waiver of hearing. Appellees declined to waive, rejecting the remedy, and they allowed the matter to go to a hearing. The hearing officer imposed the same penalty as the disciplinary complaint. Appellees took that decision on appeal to the president of the university who modified the penalty. Appellees agreed to the modification and commenced its performance on the assumption that the matter of scholastic dishonesty was resolved and that they were free to resume their medical education while remaining on probation until they completed certain specified penance. Subsequently, the appellees' grades for the course in which cheating occurred were changed to "Failing" and the two students were dropped from the rolls of the university on academic grounds. This lawsuit was then filed by the two students against appellants individually and in their official capacities with the university. A temporary injunction was requested in order to maintain the status quo until such time as a trial on the merits could take place.

After notice and hearing the court granted the temporary injunction, announcing in open court, "I do not believe I am placing my judgment for either the academic or administrative sides of the university. I think they dealt with the problem one way and on the surface to a conclusion, and then dealt with it another way." The following findings are contained in the order for temporary injunction:

1. Appellants acted contrary to the intent of the relevant Regents' rules, as adopted by the University of Texas Medical Branch at Galveston.

2. Appellants acted unlawfully.

3. Appellants acted capriciously and improperly in subjecting appellees to a second suspension process under the guise of an "academic" process when the "scholastic dishonesty" committed by appellees had already been resolved in disciplinary proceedings set out by rules and regulations of the University of Texas Medical Branch at Galveston.

4. That the President of the University of Texas Medical Branch at Galveston had set the penalty of appellees' admitted scholastic dishonesty.

5. Appellees performed under the penalty set down by the Administration of the University of Texas Medical Branch at Galveston.

6. Faculty at the University of Texas Medical Branch at Galveston, for reasons not lawful, attempted to circumvent the decision of the Administration.

7. Appellants' actions were a denial of due process of law, to appellees' detriment.

8. Appellants' actions were not based on professional judgment involving academics.

9. Appellants' actions in overruling and changing the penalty as set down by the President of the University of Texas Medical Branch at Galveston were motivated by matters totally different and separate from professional judgment concerning academics.

10. Without the temporary injunction, appellees would be wrongfully deprived of their right to attend classes at the University of Texas Medical Branch at Galveston.

11. Appellees established a probable right to prevail in their lawsuit at a final hearing.

12. Appellees established a probable right to recovery.

13. Any monetary damages that might be recovered by appellees would not be adequate to compensate appellees for losses contained in their pleadings.

14. Appellees would be irreparably injured if the temporary injunction were not issued.

15. Equity required the issuance of the temporary injunction in order to prevent injustice to appellees.

Appellate review of an order for temporary injunction is limited strictly to whether there has been a clear abuse of discretion by the court below in determining the need to preserve the status quo pending trial on the merits. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978); *Swanson Broadcasting, Inc. v. Clear Channel Communications, Inc.*, 752 S.W.2d 165, 168 (Tex.App.—San Antonio 1988, no writ.); *Philipp Bros. Inc. v. Oil Country Specialists, Ltd.*, 709 S.W.2d 262, 265 (Tex.App.—Houston [1st Dist.] 1986, writ dism'd). The appellate court will not substitute its judgment for that of the trial court, but must only determine whether the action was so arbitrary as to exceed the bounds of reasonable discretion. *Philipp Bros.*, 709 S.W.2d at 265.

The appellate court will draw all legitimate inferences from the evidence in a manner most favorable to the trial court's judgment. *Metropolitan Life Ins. Co. v. La Mansion Hotels and Resorts, Ltd.*, 762 S.W.2d 646, 648 (Tex.App.—San Antonio 1988, writ dism'd as moot); *Valenzuela v. Aquino*, 763 S.W.2d 43, 44 (Tex.App.—Corpus Christi 1988, no writ).

Abuse of discretion arises when the court misapplies the law to the established facts or when the evidence does not reasonably support the findings of probable injury or probable right of recovery. *State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex.1975); *City of San Antonio v. Bee-Jay Enter., Inc.*, 626 S.W.2d 802, 804 (Tex.App.—San Antonio 1981, no writ).

A probable right to recovery must be shown by the party seeking a temporary injunction. *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953). For this purpose the applicant must show a bona fide issue exists but need only adduce evidence that *tends to support* the right to recover on the merits. *183/620 Group Joint Venture*

*v. SPF Joint Venture*, 765 S.W.2d 901 (Tex.App.—Austin 1989, writ dism'd w.o.j.). The party seeking the injunction must also offer evidence of probable harm. *Texas State Bd. of Educ. v. Guffy*, 718 S.W.2d 48, 50 (Tex.App.—Dallas 1986, no writ).

Appellant's nine points of error predominantly relate to allegations of no evidence or insufficient evidence to support findings that:

1. Appellees have any legally vested right worthy of protection.

2. Plaintiffs enjoy a right to attend classes at the University of Texas Medical Branch at Galveston.

3. Plaintiffs have established a probable right to prevail in their lawsuit.

4. [This point of error presents the question of an overruling or changing of penalty by the trial court.]

5. Defendants have acted unlawfully, capriciously or improperly.

6. Defendants' actions toward plaintiffs constituted a denial of due process.

7. Appellants' determination to grant appellees' failing grades was motivated by matters totally different and separate from professional judgment concerning academics.

8. Appellees [sic] have acted contrary to the Regents' Rules, as adopted by the University of Texas Medical Branch at Galveston.

9. Appellees would be irreparably injured if an injunction did not issue.

In points of error numbers one and two appellant urges that appellees were improperly granted injunctive relief because they lacked an existing and vested justiciable right worthy of relief and that they failed to plead or prove the existence of such a right, citing *inter alia, International Ass'n of Firefighters v. Firemen's and Policemen's Civil Service Comm'n*, 554 S.W.2d 814, 817 (Tex.Civ.App.—Tyler 1977, no writ). Point of error number three claims no evidence of a probable right to prevail at the coming trial. Appellees' pleadings indicate a contractual right in the form of an agreement with appellants that the two students could continue

in school if they submitted to the penalty imposed upon them, and the letter of the president of the university was introduced as evidence to support the pleadings along with testimony to show reliance on the document and breach of the agreement by the university, all of which *tends to support* the existence of vested rights which have been violated and the probable right of appellees to prevail in the lawsuit. Points of error numbers one through three are overruled.

Appellant offers points of error numbers four and five with no discernable argument being presented. We do not see any support for an allegation that the court below changed a disciplinary penalty or how any such change could be used to challenge the propriety of the issuance of the temporary injunction. There is testimony in the record which *tends to support* a finding by the court that appellants acted unlawfully, capriciously or improperly which will be discussed later. Points of error numbers four and five are overruled.

■ As for points of error six and eight (as well as number five, already overruled), the record shows appellants were required to use disciplinary measures promulgated by the "Rules and Regulations of the Board of Regents of the University of Texas System." These Regents' Rules "are of the same force as would be a like enactment of the Legislature." *Foley v. Benedict*, 122 Tex. 193, 55 S.W.2d 805, 807 (Tex. Comm'n App.1932, holding approved). There is evidence that the Rules were improperly applied, or that discipline was administered by measures outside the Rules. In either case, there is evidence which *tends to support* a cause of action for failure of due process. "The ultimate test of due process of law in an administrative hearing is the presence or absence of rudiments of fair play long known to our law." *Martinez v. Texas State Board of Medical Examiners*, 476 S.W.2d 400, 405 (Tex.Civ. App.—San Antonio 1972, writ ref'd n.r.e.), *appeal dismissed* 409 U.S. 1020, 93 S.Ct. 463, 34 L.Ed.2d 312. Appellant claims the disciplinary process is administrative and not the province of the faculty. However, the faculty took a prominent (if not dominant) part in the disciplinary proceedings.

There also is evidence in the record that appellees were subjected to fallout from friction within the university between the faculty and the administration. Such evidence *tends to support* the right of appellees to recover on grounds of due process. Points of error six and eight are overruled.

■ Point of error number seven asserts no evidence that failing grade determination was motivated by non-professional academic judgment. The faculty member responsible for giving the failing grade to the two students testified that at least part of his reasoning for giving the failing grade was based on other than academic grounds. He also testified that his action in giving a failing grade was prompted by his belief that other uncharged but suspected cheating had taken place. This testimony *tends to support* a basis for appellees to prevail on the merits. Point of error number seven is overruled.

■ In their final point of error appellants claim a lack of evidence to support an irreparable injury allegation by the appellees. There is evidence that appellees would lose one-year of time in the orderly completion of their medical education and that expulsion from medical school for failing grades may carry stigma which would materially and adversely affect the career goals of the appellees. Additionally, if the agreement reached with the president of the university has ultimate merit, it cannot be performed by its terms without the appellees remaining in school pursuant to the injunction. There is evidence which *tends to support* a basis for recovery from irreparable injury to appellees if causation were to be proven at trial. Point of error number nine is overruled.

The evidence reasonably supports a finding of probable injury and probable right of recovery. We find no misapplication of law to established facts. The trial court did not abuse the discretion it has been given. The judgment of the trial court in granting the temporary injunction is affirmed.