TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00411-CV






Lowe's Home Centers, Inc., Appellant



v.



City of Sunset Valley, Texas; Save Barton Creek Association, Inc.;

and Save Our Springs Alliance, Inc., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. GV400101, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N




 Lowe's Home Centers, Inc., brings an interlocutory appeal challenging the district
court's order granting a temporary injunction. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4)
(West 2003). Appellees (1) obtained a temporary injunction to prevent appellant from continuing
construction activities on a thirty-one acre tract of land ("Garza Tract"). In one issue, appellant
claims that the district court erred in finding that appellees showed a probable right to relief on the
merits and granting the temporary injunction. We will affirm the district court's order.

Factual and Procedural Background


 The underlying suit arose out of a series of events surrounding appellant's attempt
to construct a "Lowe's Home Center" on the Garza Tract. The heart of the dispute is whether the
Garza Tract lies within the City of Austin's extraterritorial jurisdiction. If it does, Austin's Save Our
Springs (SOS) ordinance may govern appellant's project, resulting in the application of more
stringent water quality standards to the development than those imposed by any other jurisdiction
that might have authority over the project. (2)

 Extraterritorial jurisdiction refers to the unincorporated area that is contiguous to the
corporate boundaries of a municipality and is located within a specified distance of those boundaries,
depending upon the number of inhabitants within the municipality. (3) In 1963, the ETJs of the City
of Austin and Sunset Valley overlapped. Pursuant to state-law authorization to do so, Sunset Valley
and Austin apportioned their ETJs in a 1978 agreement. The Garza Tract was allocated to Sunset
Valley's ETJ.

 Appellant began planning to construct one of its stores on the Garza Tract, which it
had acquired. In September 2002, appellant submitted a "concept plan" to Sunset Valley, based on
its interpretation of Sunset Valley's land development code in effect at the time. Sunset Valley,
disagreeing that such a concept plan was required, rejected the filing.

 On November 4, 2002, appellant filed what it considered to be its second plat
application with Sunset Valley. A special council meeting had been called on November 1 and was
set for the evening of November 4. At that meeting, Sunset Valley passed a resolution releasing the
Garza Tract from its ETJ. On November 6, Sunset Valley returned appellant's application and check
based on a variety of deficiencies.

 The meaning of that November 2002 resolution became central to the dispute over
whose regulations controlled development on the Garza Tract. In December 2002, appellant
submitted a request to the City of Austin to have development on the Garza Tract "grandfathered"
so that the regulations of Sunset Valley in effect on November 4, 2002, would apply. (4) City of Austin
staff rejected appellant's request. In February 2003, appellant filed suit for declaratory judgment
concerning which jurisdiction's regulations controlled that land. Austin took the position that Sunset
Valley had released the land from its ETJ back into Austin's ETJ and so Austin's regulations,
including SOS, applied. In March 2003, apparently based on its interpretation that Sunset Valley's
ETJ release meant that the Garza Tract was not in the ETJ of either Sunset Valley or Austin and that
only Travis County regulations controlled development, appellant filed a plat application with Travis
County.

 In response to this specific dispute, the Texas Legislature passed House Bill 1204. 
Act of June 20, 2003, 78th Leg., R.S., ch.523, § 4, 2003 Tex. Gen. Laws 1790-93 (now codified as
Tex. Loc. Gov't Code Ann. § 242.001(i) (West Supp. 2004-05)). Section 242.001(i) states that
property subject to pending approval of a preliminary or final plat application filed after September
1, 2002, which is released from a municipality's ETJ, shall be subject only to county approval of the
plat applications and related permits and county regulation of that plat.

 The passage of HB 1204 caused Austin to become concerned that appellant would
prevail in the declaratory judgment suit, leaving Travis County as the regulatory authority for the
Garza Tract. Even if the Garza Tract was within Austin's ETJ and SOS would otherwise apply, HB
1204 might be interpreted to "grandfather" appellant's development out of SOS. Travis County
regulations imposed no limitations on impervious cover and minimal controls on other factors
affecting water quality. These concerns caused Austin to enter into negotiations with appellant. 
These negotiations resulted in the Garza Settlement that resolved the pending declaratory judgment
suit. The settlement required appellant to pay money to Austin so it could purchase land for
environmental mitigation and required appellant to follow certain environmental guidelines in
developing the tract, but allowed a much greater "impervious cover" percentage on the land than that
allowed by SOS. The Garza Settlement was passed by a simple majority of the Austin City Council
on December 12, 2003, but the SOS ordinance requires a supermajority vote. Austin City Code, art.
12, § 25-8-512 (75% or 6 of 7 council members). Appellant then re-filed its plat application with
Travis County, which approved the application. Appellees then brought the current suit, seeking to
have the Garza Settlement declared void for its failure to comply with the SOS ordinance.

 The trial court granted plaintiffs-appellees' motion for partial summary judgment that
urged that the Garza Settlement violated the SOS ordinance (hereafter "the summary judgment"). 
The court also denied appellant's motion for summary judgment. Later, in the temporary injunction
proceedings, the court found irreparable injury in the form of environmental degradation that could
not be remedied by law if construction continued. The court found the appellees had a "probable
right of recovery on the merits of their claims . . . whereby Plaintiffs assert a violation of the City of
Austin's SOS Ordinance and that all conditions precedent to the granting of such injunctive relief
have been satisfied."


Discussion



 Injunctive relief may be granted if "irreparable injury to real or personal property is
threatened, irrespective of any remedy at law." Tex. Civ. Prac. & Rem. Code Ann. § 65.011 (West
2003). To obtain a temporary injunction, the petitioner must prove three elements: (1) a cause of
action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent,
and irreparable injury in the interim. Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002);
Walling v. Metcalfe, 863 S.W.2d 56, 57 (Tex. 1993). Appellant does not contest that appellees have
a cause of action nor that they would suffer irreparable harm. Therefore, the crucial issue for our
review is the trial court's determination that appellees have a probable right to the relief sought. See
Butnaru, 84 S.W.3d at 204.

"Probable Right" Through the Abuse of Discretion Lens

 A trial court's grant of a temporary injunction is reversed only if there is a clear abuse
of discretion. Id.; Iranian Muslim Org. v. City of San Antonio, 615 S.W.2d 202, 208 (Tex. 1981). 
The trial court abuses its discretion when it acts arbitrarily or unreasonably without reference to
guiding rules or principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991);
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court abuses
its discretion if it misapplies the law to the established facts of the case. Reagan Nat'l Adver. v.
Vanderhoof Family Trust, 82 S.W.3d 366, 370 (Tex. App.--Austin 2002, no pet.). We view the
evidence in the light most favorable to the trial court's order, indulging every reasonable inference
in its favor, and determine whether the order was so arbitrary as to exceed the bounds of reasonable
discretion. Brammer v. K.B. Home Lone Star, L.P., 114 S.W.3d 101, 105-06 (Tex. App.--Austin
2003, no pet.); Universal Health Servs., Inc. v. Thompson, 24 S.W.3d 570, 576 (Tex. App.--Austin
2000, no pet.). We cannot reverse a trial court's order if the trial court was presented with
conflicting evidence and the record included evidence that reasonably supports the trial court's
decision. Universal Health Servs., 24 S.W.3d at 576.

 The party seeking an injunction must have at least one valid legal theory to support
a probable right to recover. Brammer, 114 S.W.3d at 110. If a party does not deserve injunctive
relief under any theory of law, imposing a temporary injunction is an abuse of discretion. See City
of Houston v. Woolley, 51 S.W.3d 850, 854 (Tex. App.--Houston [1st Dist.] 2001, no pet.)
(temporary injunction enjoining statutorily permitted part of grievance procedure was abuse of
discretion); San Antonio v. Bee-Jay Enters. Inc., 626 S.W.2d 802, 804 (Tex. Civ. App.--San
Antonio 1981, no writ) (abuse of discretion when injunction erroneously attempted to bar
enforcement of criminal statute which was not unconstitutional or otherwise void); City of Pasadena
v. Houston Endowment, 438 S.W.2d 152, 158 (Tex. Civ. App.--Houston [14th Dist.] 1969, writ
ref'd n.r.e.) (abuse of discretion to enjoin actions authorized by statute); cf. Iranian Muslim Org., 615
S.W.2d at 202 (denying injunction to protect exercise of constitutionally protected speech was abuse
of discretion when court had no evidence, just speculation, offered in opposition to the injunction).

 A ruling on temporary injunctive relief may not be used to obtain an advance ruling
on the merits. Iranian Muslim Org., 615 S.W.2d at 208; Davis v. Huey, 571 S.W.2d 859, 861-62
(Tex. 1978). The party seeking the injunction does not need to prove that it will prevail at trial. 
Butnaru, 84 S.W.3d at 211 (citing Sun Oil Co. v. Whitaker, 424 S.W.2d 216, 218 (Tex. 1968)).


The expression "probable right to recover" is a term of art; it does not imply any kind
of determination that becomes the law of the case, and the district court did not, by
its determinations, find the truth and apply the law based on "probabilities" in the
meaning that word has in ordinary usage. Instead, concerning both the facts and the
law, appellee was only required to show "that a bona fide issue exists as to his right
to ultimate remedy."



183/620 Group Joint Venture v. SPF Joint Venture, 765 S.W.2d 901, 904 (Tex. App.--Austin 1989,
writ dism'd w.o.j.) (quoting 6 Lowe, Remedies §114, at 188 (Texas Practice 2d ed. 1973)). The party
seeking the temporary injunction must only adduce evidence that tends to support a right to recover
on the merits. Id. (citing Camp v. Shannon, 348 S.W.2d 517, 519 (Tex. 1961)).






Application to the Case


 Appellant contends that the summary judgment does not support appellees' probable
right to relief. Indeed, appellant urges that as a matter of law appellees are not entitled to a
temporary injunction.

 Appellant argues that the SOS ordinance cannot apply to the Garza Tract because the
that tract has not been within Austin's ETJ since the 1978 apportionment between Sunset Valley and
Austin. Appellant urges that Sunset Valley's 2002 release of the tract did not cause it to revert to
Austin's ETJ. Therefore, appellant argues, Austin has no legal authority over the Garza Tract and
cannot impose SOS's regulations. If the SOS ordinance is irrelevant as a matter of law to the
outcome of the case, urges appellant, then it would be unreasonable to base a probable right to
recover solely on the resolution of that issue in the summary judgment invalidating the Garza
Settlement. Appellant claims that the court simply relied on the summary judgment as the basis for
appellees' probable right to recover. Accordingly, appellant asserts that we must review that
summary judgment. This we may not do in an interlocutory challenge to a temporary injunction. 
See Davis, 571 S.W.2d at 862.

 Further, both the language of the order and the record from the temporary injunction
hearing show that the trial court did not base its decision solely on the summary judgment. The order
states:


[H]aving considered the applicable authorities, the evidence admitted at hearing, and
the argument of counsel for all parties . . . .

 

. . . .


The Court further finds that Plaintiffs have a probable right of recovery on the merits
of their claims against Defendant Lowe's whereby Plaintiffs assert a violation of the
City of Austin's SOS Ordinance and that all conditions precedent to the granting of
such injunctive relief have been satisfied.



The hearing that resulted in this order was vigorously contested. Although the court had a letter from
Judge Livingston (5) stating that the motion for summary judgment was granted and directing the
parties to draft a judgment, the record indicates that it did not have the order granting summary
judgment in front of it at the hearing on the temporary injunction as the order had not yet been
signed. The parties controverted the scope of the matters that had been at issue at the time of the
summary judgment. At the temporary injunction hearing, the court reviewed both previous motions
for summary judgments and responses in order to determine what had been decided in the summary
judgment. It also heard evidence and argument concerning the question of whose ETJ, if any,
contained the Garza Tract. It heard evidence and argument concerning the agreement between
Sunset Valley and Austin and how the Garza Tract might still belong in Austin's ETJ. (6) The parties
also argued over the possible applicability of various "grandfathering" laws that would take the land
outside the application of SOS even if it were in Austin's ETJ.

 Although the trial court indicated that it was not inclined to disturb the previously
decided summary judgment, it did have to review the same summary judgment material to determine
what had been at issue. Based on its review of the summary judgment material and other evidence
developed at the hearing on the temporary injunction, it concluded that the appellees had a probable
right to recover based on the possible applicability of the SOS ordinance. (As noted by appellant at
the hearing, there was no reason to enjoin unless the Court found the tract might be in Austin's ETJ
and SOS applied.) Appellees did not need to establish that they would ultimately prevail on the
merits. They simply had to show a bona fide issue exists as to their right to ultimate relief. See
183/620 Group Joint Venture, 765 S.W.2d at 904. On this interlocutory appeal that suffices to
support the trial court's decision to impose a temporary injunction. Id.

 Appellant makes a variety of other arguments on appeal. The arguments concern
matters that were raised in its motion for summary judgment that was denied. We do not review the
trial court's denial of that motion in this interlocutory appeal.


Conclusion


 Appellees did not have to prove that they would ultimately prevail at a trial on the
merits. Butnaru, 84 S.W.3d at 211. Appellees presented at least one valid legal theory to support
a probable right to recover: the possible applicability of the SOS ordinance and the City's failure
to comply with it in reaching the Garza Settlement. See Brammer, 114 S.W.3d at 110. The trial
court considered conflicting evidence that reasonably supports its decision. See Universal Health
Servs., 24 S.W.3d at 576. Viewing the evidence in the light most favorable to the court order and
indulging every reasonable inference in its favor, we cannot say the order was so arbitrary as to
exceed the bounds of reasonable discretion. Brammer, 114 S.W.2d at 105; Universal Health Servs.,
24 S.W.3d at 576. Accordingly, we affirm the trial court's order. (7)



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton: Opinion by Chief Justice Law; 
 Concurring Opinion by Justice Pemberton


Affirmed


Filed: December 9, 2004
1. Appellees are the City of Sunset Valley, Texas; Save Barton Creek Association, Inc.; and Save
Our Springs Alliance, Inc. We will refer to "appellees" collectively, unless discussing matters
relevant to only one appellee. Although the City of Austin is a defendant in the underlying litigation,
the temporary injunction restrained only Lowe's construction activities. Austin did not file a notice
of appeal.
2. The Save Our Springs (SOS) ordinance was designed to protect water quality in the Barton
Springs Edwards Aquifer watershed region by imposing restrictions such as limiting "impervious
cover" on any given site. Austin City Code, art. 12, § 25-8-512. "Impervious cover" is the total
horizontal area of covered spaces, paved areas, walkways, and driveways. See City of Austin v.
Garza, 124 S.W.3d 867, 869 n.2 (Tex. App.--Austin 2003, no pet.). SOS's provisions apply to
those areas within Austin and Austin's extraterritorial jurisdiction that contain watersheds
contributing to Barton Springs. See Quick v. City of Austin, 7 S.W.3d 109, 112 (Tex. 1998).
3. See Tex. Loc. Gov't Code Ann. § 42.021 (West 1999); City of San Antonio v. City of Boerne,
111 S.W.3d 22, 26 (Tex. 2003). The purpose of extraterritorial jurisdiction is to promote and protect
the general health, safety, and welfare of persons residing in and adjacent to the municipalities. Tex.
Loc. Gov't Code § 42.001; City of San Antonio, 111 S.W.3d at 26. Cities acquired extraterritorial
jurisdiction in 1963. See Act of April 25, 1963, 58th Leg., R.S., ch. 160, § 3, 1963 Tex. Gen. Laws
447-48.
4. The record is not clear what prompted appellant's filing with Austin. Appellant contended that
sections 242.001 and 245.002 of the Texas Local Government Code meant that the Sunset Valley
regulations in effect as to the Garza Tract at the time it filed its plat application with Sunset Valley
in November 2002 controlled. Section 242.001 deals generally with the expansion or reduction in
a municipality's ETJ and its effect, or lack thereof, on a pending plat application. Section 245.002
deals with the interaction of a series of plat applications with changing regulations.
5. Judge Livingston disposed of both appellant's and appellees' motions for summary judgment,
granting appellees' and denying appellant's.
6. It was argued that the Garza Tract lies within Austin's ETJ under the general rule defining a
city's ETJ. See Tex. Loc. Gov't Code Ann. § 42.021 (West 1999). Accordingly, the only way for
the Garza Tract to be outside Austin's ETJ is through an apportionment to another jurisdiction. In
the alternative, it was also argued that the effect of Sunset Valley's release of the Garza Tract was
to return it to Austin's ETJ.
7. Appellant's pending motion to expedite disposition of the motion to increase temporary
injunction bond and motion to increase temporary injunction bond are dismissed. Appellant's
motion for leave to file supplemental brief is granted.