

## NUMBER 13-18-00215-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI–EDINBURG

---

**DENNIS W. BERRY; MARVIN G. BERRY;**
**BAY, INC.; BERRY GP, INC., D/B/A**
**BERRY CONTRACTING; AND**
**BERRY CONTRACTING, D/B/A BAY LTD.,**                    Appellants,

**v.**

**KENNETH L. BERRY, INDIVIDUALLY;**
**AND KENNETH L. BERRY, IN A DERIVATIVE**
**CAPACITY FOR SKYEAGLE, INC.,**                          Appellees.

---

On appeal from the County Court at Law No. 3
of Nueces County, Texas.

---

## DISSENTING MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Perkes**
**Dissenting Memorandum Opinion by Justice Benavides**

The majority fails to give proper deference to the trial court's resolution of credibility issues when evaluating the evidence supporting the issuance of a temporary injunction. Because I disagree with the majority's analysis of irreparable harm, I respectfully dissent. This is a case involving a closely held corporation with three shareholders, one of whom is at odds with the other two.[1] As a result, there is tremendous potential for mischief that can be avoided through the limited injunctive relief granted by the trial court. I would affirm the trial court's grant of the temporary injunction.

I do not disagree with the majority's statement of the standard or review but reemphasize that our review is for abuse of discretion. *Henry v. Cox*, 520 S.W.3d 28, 33 (Tex. 2017); *Super Starr Int'l, LLC v. Fresh Tex. Produce, LLC*, 531 S.W.3d 829, 838 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). "No abuse of discretion exists if some evidence reasonably supports the court's ruling." *Henry*, 520 S.W.3d at 34; *Tanguy v. Laux*, 259 S.W.3d 851, 856 (Tex. App.—Houston [1st Dist.] 2008, no pet.). We must consider the evidence submitted in the light most favorable to the trial court's ruling and draw all legitimate inferences from the evidence that support the ruling. *See Sargeant v. Al Saleh*, 512 S.W.3d 399, 410 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)).

Appellants argue that appellees failed to prove the second and third elements needed for a temporary injunction. The trial court found those elements were proven. The majority holds that money damages are sufficient and there is no irreparable harm. I disagree.

"An adequate remedy at law is one that is as complete, practical, and efficient to

---

[1] Kenneth, Martin, and Dennis Berry are brothers.

2

the prompt administration of justice as is equitable relief." *Noell v. City of Carrollton*, 431 S.W.3d 682, 712 (Tex. App.—Dallas 2014, pet. denied). "Thus, if damages do not provide as complete, practical and efficient a remedy as may be had by injunctive relief, the trial court does not err in granting temporary injunction so long as the other elements of injunctive relief are satisfied." *Intercontinental Terminals Co., LLC v. Vopak N. Am., Inc.*, 354 S.W.3d 887, 895 (Tex. App.—Houston [1st Dist.] 2011, no pet.) "To establish an irreparable injury, the applicant must show that it cannot be 'adequately compensated in damages or the damages cannot be measured by any certain pecuniary standard.'" *Cardinal Health Staffing Network, Inc. v. Bowen*, 106 S.W.3d 230, 235 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (quoting *Butnaru*, 84 S.W.3d at 204); *see In re Stark,* 126 S.W.3d 635, 640 (Tex. App.—Beaumont 2004, orig. proceeding [mand. denied]). A temporary injunction is also appropriate if damages would come too late. *See Mabry v. Sandstream, Inc.*, 124 S.W.3d 302, 319–20 (Tex. App.—Fort Worth 2003, no pet.) (finding temporary injunction appropriate where company was losing money but competitor likely stole trade secrets and could beat original company to market making damages recovery too late).

Martin testified that Skyeagle has been subsisting on corporate welfare for years, starting with its original purchase of the easement with a loan from one of the Berry entities for $175,000 in 1983. Martin further testified that Skyeagle should pay back the loan. Skyeagle has not paid for preparation of its tax returns which Martin estimated probably cost $400,000 to $500,000 over the years, and there have been attorneys' fees, although he did not know to whom or in what amounts. Martin's testimony indicates that his plan for Skyeagle to pay its "debts" likely involves a trade of Skyeagle's liabilities to

Bay and Berry in exchange for the easement that Bay promised TM, without paying cash to Skyeagle. TM sued Bay and Skyeagle for specific performance in 2015 to compel the transfer of the easement to TM. That litigation predates this suit and is not a suit among shareholders. At Martin and Dennis' request, the trial court here abated proceedings in this court addressing disposition of the easement in favor of dominant jurisdiction in the earlier-filed suit. The abatement of proceedings related to the easement in the unrelated suit proceeding in the 214th District Court is part of the basis of the majority's decision to reverse the trial court's grant of temporary injunctive relief.

The majority holds that money damages are sufficient, but there is difficulty valuing Skyeagle because of the way in which it has been used. The parties do not dispute that Skyeagle has not been actively engaged in seeking business during its existence. Instead, Skyeagle's easement was used to provide a benefit to other Berry-owned companies as exemplified by the contract with TM. *See generally Sneed v. Webre*, 465 S.W.3d 169 (Tex. 2015) (discussing shareholder derivative lawsuits in closely held corporations).

In addition, the loss of interests in real property, such as Skyeagle's potential loss of the easement through action by two directors to trade the easement to a Berry-owned company in exchange for payment of Skyeagle's alleged liabilities, or to settle the TM litigation, is a probable, imminent, and irreparable injury that ordinarily qualifies a party for a temporary injunction.[2] *See Butnaru*, 84 S.W.3d at 211 (citing *Bennett v. Copeland*, 149 Tex. 474, 235 S.W.2d 605, 609 (1951)); *Yarto v. Gilland*, 287 S.W.3d 83, 97 (Tex.

---

[2] An easement is a property interest protected by the Texas Constitution. *Noell v. City of Carrollton*, 431 S.W.3d 682, 696 (Tex. App.—Dallas 2014, pet. denied); *Hous. Lighting & Power Co. v. State*, 925 S.W.2d 312, 315 (Tex. App.—Houston [14th Dist.] 1996, writ denied).

App.—Corpus Christi–Edinburg 2009, no pet.); *Rus-Ann Development, Inc. v. ECGC, Inc.*, 212 S.W.3d 921, 927 (Tex. App.—Tyler 2007, no pet.). The *Butnaru* Court reinstated the trial court's temporary injunction in a dispute over the purchase of a parcel of land that was part of the purchase of an automobile dealership. 84 S.W.3d at 211. In *Yarto*, the temporary injunction was issued to prevent eviction of the alleged tenant until the tenant's claim of title to the property under a contract for deed could be litigated. 287 S.W.3d at 97. Here, control over Skyeagle's future and its sole asset is at stake.

Although Kenneth did not directly argue that the loss of the easement as real estate was a cause of irreparable harm, he argued that its loss would directly and irreparably affect Skyeagle. He also argued that the easement was unique. The majority takes issue with my consideration of the well-known principle that real estate is unique and therefore, temporary injunctive relief is appropriate to preserve the status quo until a determination on the merits. *See Greater Hous. Bank v. Conte*, 641 S.W.2d 407, 410 (Tex. App.—Houston [14th Dist.] 1982, no pet.); *see also Perales v. Rivera*, No. 13–03–002–CV, 2003 WL 21705740, at *3 (Tex. App.—Corpus Christi–Edinburg July 24, 2003, no pet.). The judgment of a trial court must be affirmed if it can be upheld on any legal theory supported by the record in the absence of findings of facts and conclusions of law. *See Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex. 1968); *Valenzuela v. Aquino*, 763 S.W.2d 43, 44 (Tex. App.—Corpus Christi–Edinburg 1988, no writ).

According to the majority, the order abating proceedings involving the easement, precludes consideration of the easement's uniqueness as realty in the calculation of irreparable harm. The majority also focuses on the narrowness of the injunction which does not prevent the sale of the easement. Instead, the temporary injunction prevents

5

Martin and Dennis from dissolving Skyeagle, obligating Skyeagle to pay debts of or transferring funds to any Defendant-owned entities, and from indemnifying Skyeagle in the unrelated suit out of the 214th District Court. These actions, which were contemplated by Martin and Dennis as set forth in the notice of shareholders meeting, if not restrained, could result in the dissolution of Skyeagle and as part of its dissolution, the sale or transfer of Skyeagle's sole asset, the easement, as part of the winding up of Skyeagle's affairs necessary to pay debts, resolve litigation, or indemnify related companies before the resolution of the present litigation.[3] Any of these actions would ultimately result in Skyeagle's loss of a valuable and irreplaceable interest in realty. All of this could readily occur before any of Kenneth's claims of conflict of interest and breach of fiduciary duty on the part of the other shareholders could be determined. The result would be that Skyeagle will be dissolved.

Skyeagle currently remains an existing, if unprofitable, business. If the temporary injunction remains in place, the shareholder litigation can proceed on the merits. If Kenneth can establish his claims, then the corporation he purportedly seeks to protect will still exist. If he does not prevail, the majority of the directors can take whatever action they see fit. I would affirm the trial court's temporary injunction and overrule appellants' issues. Because the majority does not, I respectfully dissent.

GINA M. BENAVIDES,
Justice

Delivered and filed the
5th day of December, 2019.

---

[3] *See* TEX. BUS. ORG. CODE ANN. § 11.053.