**183/620 GROUP JOINT VENTURE, et al., Appellants,**

**v.**

**SPF JOINT VENTURE, Appellee.**

No. 3-88-063-CV.

Court of Appeals of Texas, Austin.

Feb. 22, 1989.

Rehearing Denied March 22, 1989.

mission in suits against nonresident motor vehicle operators.

Jack C. O'Donnell, Shapiro, Edens & Cook, Austin, for appellants.

Anne S. Wynne, Jenkens & Gilchrist, Austin, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

POWERS, Justice.

On the application of appellee, "SPF Joint Venture," the district court ordered the issuance of a temporary injunction restraining appellants, "183/620 Group Joint Venture" and "183/620 Regional, Inc.," from certain actions pending final hearing in a suit brought against them by appellee. Appellants complain on appeal that the order was erroneous for the reasons given below. We will affirm the district-court order.

## THE CONTROVERSY

Under the terms of various contracts, appellee and other landowners entrusted to appellants' control large sums of money, to be expended by appellants in improving the landowners' properties through the construction of roads and facilities for water, wastewater, and drainage. Appellants, as "project manager," also supervised and directed construction of the improvements. A dispute arose between appellants and appellee, culminating in the present lawsuit in which appellee alleged that appellants failed properly to manage the construction projects.

In addition to allegations referring to the merits of its claim, appellee included in an amended petition an allegation that appellants had expended about $25,000, *in defense of the present suit,* from the sums entrusted to them by appellees and the other landowners. Appellee requested a temporary injunction that would require appellants to repay the funds so expended, and restrain appellants from any future

expenditures for the same purpose, pending final hearing in the lawsuit.

Following an evidentiary hearing on appellee's application for temporary injunction, the district court ordered the issuance of an injunction, effective *pendente lite*, that would restrain appellants "from any further expenditure of monies placed in their care and control ... for any expenses related in any manner to their defense of this lawsuit, including ... attorney's fees, consulting fees," and "engineering fees." The order is silent regarding repayment of any sums allegedly expended heretofore in defense of the lawsuit.

In findings of fact and conclusions of law, the district court determined that appellants had paid from the funds given them some $60,000, in defense of the lawsuit, and would expend additional sums for the same purpose unless enjoined; that the sums given appellants *were held by them as fiduciaries*, to be expended according to the contracts, which did not authorize them to use the sums for their defense in appellee's lawsuit; and that the temporary injunction was necessary to maintain the existing status of the trust funds pending a final hearing, even though there was no showing that appellants would be unable to pay a judgment for damages that might be based on their misappropriation of the funds.

Appellants contend we must reverse the district-court order because appellee failed to show: (1) the absence of an adequate remedy at law; (2) the threat of irreparable harm; and (3) a probable right to recover on the merits. Appellants argue that a showing of each factor was essential before a temporary injunction might issue. In the discussion that follows, we shall refer only to the matter of an "adequate remedy at law," so as to avoid the "patent redundancy" between that term and "irreparable harm." 6 Lowe, *Remedies* § 114, at 157 (Texas Practice 2d ed. 1973).

### ADEQUATE REMEDY AT LAW

Appellants' point of error, relative to appellee's failure to show that its remedy at law was inadequate, is determined at the outset by the fact that appellants do not challenge the district-court determination that they held the sums in question as *fiduciaries.*

The principles of equity govern all forms and occasions of injunctive relief, notwithstanding the apparent independence of the statutory grounds for such relief set out in Tex.Civ.Prac. & Rem.Code Ann. § 65.011 (1986 & Supp.1989). *See Powers v. Temple Trust Co.,* 124 Tex. 440, 78 S.W. 2d 951 (1935). Consequently, it is usually necessary to show, as appellants contend, even in cases of temporary injunctions maintaining the status quo pending final hearing, that the applicant has no adequate remedy at law. Lowe, *supra*, § 113 at 149. But the requirement is only an ordinary requirement; it is not universal or invariable. The showing need *not* be made "where the usages of equity require the granting of injunctive relief despite the existence of a remedy at law...." *Id.* at 150. The present case is one where the principles and usages of equity do *not* require an applicant to show the absence of an adequate remedy at law in order to invoke the jurisdiction of equity, or the equitable powers of a court having law *and* equity jurisdiction.

Appellants hold legal title to the funds, as fiduciaries, while appellee and the other landowners hold equitable title. Courts of law do not enforce, because they do not recognize, fiduciary duties and equitable titles; hence, in a proceeding to enforce either, or protect the latter, it is meaningless to require the applicant to demonstrate that his remedy at law is inadequate. Because a court of law *cannot give* a remedy in such cases, the ordinary requirement does not apply. 4 Pomeroy, *Equity Jurisprudence* § 1339, at 937 (5th ed. 1941) (the issue of an adequate remedy at law does not even arise in such cases); 1 *Restatement of Trusts 2d* §§ 197–199, at 433–439 (beneficiary's remedies are exclusively equitable except where trustee is under duty to deliver money or chattels immediately and unconditionally); 3 *Scott on Trusts* § 199.2, at 1639 (3d ed. 1967) (where reasonable likelihood exists that trustee will

commit breach of trust the beneficiary may sue in equity to enjoin breach, any adequate remedy at law being immaterial); Bogert, *Trusts and Trustees* § 870, at 107–08 (rev. 2d ed. 1982) (existence of adequate remedy at law has no effect on any equitable remedy available to beneficiary against defaulting trustee).

■ Even where the requirement is mentioned, in a case like the present, it is held to be satisfied on a rationale that the legal remedy is "inadequate" because the funds will be reduced, pending final hearing, so that they will not be available *in their entirety, in the interim,* for the purposes for which they were delivered to the holder in the first place. *Minexa Arizona, Inc. v. Staubach,* 667 S.W.2d 563 (Tex.App.1984, no writ); *see also McDonnell v. Campbell–Taggart Associated Bakeries,* 376 S.W.2d 915 (Tex.Civ.App.1964, no writ); *Weiner v. Weiner,* 245 S.W. 474 (Tex.Civ.App.1922, writ dism'd); *cf., Sonics International, Inc. v. Dorchester Enterprises,* 593 S.W.2d 390 (Tex.Civ.App.1980, no writ); *Baucum v. Texam Oil Corp.,* 423 S.W.2d 434 (Tex. Civ.App.1967, writ ref'd n.r.e.). The ability of appellants to respond in damages, at the end of the litigation, is immaterial under this view.

Under either theory, the trial court did not err.

### PROBABLE RIGHT TO RECOVER

Appellants contend several provisions of the contracts expressly permit them to expend the funds in defense of lawsuits, even when the suit is brought by one holding equitable title to the funds, as appellee does here. Accordingly, they contend the trial court erred in its determination to the contrary, made in terms of the probable right of the appellee to prevail, on the merits, regarding the challenged expenditures. The contract provisions urged by appellants are quite general. They do not declare explicitly whether appellants may expend the funds in defense of suits like the present.

■ The expression "probable right to recover" is a term of art; it does not imply any kind of determination that becomes the law of the case, and the district court did not, by its determinations, find the truth and apply the law based on "probabilities" in the meaning that word has in ordinary usage. Instead, concerning both the facts and the law, appellee was only required to show "that a bona fide issue exists as to his right to ultimate relief." 6 Lowe, *supra,* § 153 at 188. Or, as stated in *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517, 519 (1961), appellee was required only to adduce evidence that *tends to support* his right to recover on the merits.

■ We hold the trial court reasonably concluded as it did concerning appellee's showing a probable right of recovery. The contract documents were stipulated by the parties in the evidentiary hearing. Unless the contracts authorize appellants to expend the money in defense of appellee's lawsuit, appellants are entirely without *any* authority to spend the money for that purpose. The contract documents do not give appellants that authority in explicit terms. If the authority exists, it must be in consequence of a *construction* given the documents by the court after final hearing as to the intentions of the parties. Appellee showed the existence of a bona fide issue in that regard, owing to the generality of the relevant contract terms. No more was required. The sums are so large, and the interests at stake so important, that the parties' rights should not be determined until they can be determined accurately. *Southwest Weather Research, Inc. v. Jones,* 160 Tex. 104, 327 S.W.2d 417 (1959).

### INDEPENDENT GROUNDS FOR THE INJUNCTION

We affirm the district-court order on grounds unrelated, strictly speaking, to the points of error raised by appellants. The grounds are implicit and explicit in determinations made by the district court in its order and in its findings of fact and conclusions of law.

■ We affirm the order because the ability of the wrongdoer to respond in damages is immaterial where the wrongful acts, which are to be restrained, are recur-

rent or continuous, or threaten to be so. That is the nature of the expenditures restrained by the district-court order. Wealth is not a license to inflict recurring or continuous injuries on others. *Sinclair Refining Co. v. McElree*, 52 S.W.2d 679 (Tex.Civ.App.1932, no writ).

In addition, we affirm the order because there is no dispute that the district court acquired jurisdiction of the parties and the subject matter of the litigation, which included control over the funds in question. If appellants expend any of the funds wrongfully during the course of the lawsuit, the court's control and any final judgment it may give will be a nullity to the extent of the expenditure. Consequently, the district court had a duty to issue the temporary injunction to preserve the status quo, and to protect its jurisdiction, pending final hearing. *City of Dallas v. Wright*, 120 Tex. 190, 36 S.W.2d 973 (1931).

We hold the district court properly issued the temporary injunction on these independent grounds.

Finding no error, we affirm the order of the district court.