opinion 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,




AT AUSTIN




 





NO. 3-92-186-CV





IRVING WALLERSTEIN,



 APPELLANT


vs.





JOSEPH H. DOMBERGER, JACQUELINE DOMBERGER, AND ANTON VASSIL, JR.,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 92-01490, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 





 Joseph H. Domberger, Jacqueline Domberger, and Anton Vassil, Jr. sued Irving
Wallerstein for allegedly breaching his fiduciary responsibilities as the general partner of the
Ridge General Partner, Ltd. They also requested that Wallerstein be enjoined from engaging in
certain activities pending a trial on the merits. Following a hearing, the trial court issued a
temporary injunction. Wallerstein seeks review of this interlocutory order.

 In seven points of error, Wallerstein challenges the trial court's order and claims
that (1) there is insufficient evidence to support the findings of irreparable harm and lack of an
adequate remedy at law, (2) the relief granted is beyond the scope of the plaintiff's pleadings and
is not warranted by the evidence, and (3) the relief granted effectively modifies the contract
between the parties. We will overrule the seven points of error and affirm the trial court's order.


BACKGROUND


 Wallerstein, the Dombergers, and Vassil formed two limited partnerships for the
purpose of owning and operating the Ridge Apartments (the "Ridge") located in Austin, Texas. 
The Dombergers and Vassil, who reside in Germany, are limited partners of Ridge General
Partner, Ltd. and Ridge Apartments, Ltd. Wallerstein is the general partner of Ridge General
Partner, Ltd. and is a limited partner of Ridge Apartments, Ltd. As such, he conducts the
business affairs of the partnerships and is obligated to provide the limited partners with quarterly
and annual operating reports as set forth in Article VI of the agreements. Section 3.01 of the
partnership agreements sets forth certain actions which require approval of two-thirds of the
partnership interests; these include voluntarily borrowing money in excess of $50,000 in the name
of the partnership and the selection of a management and leasing company to perform the
management duties of the Ridge.

 During 1990, Wallerstein secured two loans in the name of the Ridge for purposes
unrelated to the partnership. One of the notes was in the amount of $40,000 and the other was
in the amount of $165,000. The parties stipulated that the limited partners were not informed of
Wallerstein's pledge of the Ridge's certificate of deposit as collateral to secure the $165,000 loan
and the transaction was not included in the operating reports for approximately ten months. 
However, there is a dispute as to whether one or more of the limited partners was aware of
Wallerstein's pledge of the Ridge's funds to secure the $40,000 loan to pay the taxes of another
business enterprise. (1)

 The limited partners allege that just prior to their bringing this suit, Wallerstein (1)
moved Wallerstein Realtors, a separate business entity, and his son into the Ridge without signing
leases or paying rent; (2) terminated the Ridge's management agreement with the Republic Group
and replaced it with Wallerstein Realtors without notifying the limited partners and acquiring
approval from two-thirds of the partnership interests; (3) instructed the Republic Group to write
a check to Wallerstein Realtors in the amount of cash on hand in the Ridge's accounts; and (4)
deposited the money into Wallerstein Realtors' account "until he decided how to set up the new
Ridge account." Upon notice from the limited partners that these actions violated the partnership
agreement, Wallerstein terminated his agreement with Wallerstein Realtors, dismissed the Ridge's
on-site property manager, and employed some individuals to assist him in the management of the
property who allegedly either had previously been employed by Wallerstein Realtors or who may
have worked for entities Wallerstein controlled. 

 The limited partners petitioned the court to enjoin Wallerstein from acting as
manager of the property and to appoint a trustee or receiver pending a trial on the merits. They
noted that without Wallerstein's approval, they could not muster a consensus of two-thirds of the
partnership interests. Since he would not agree to the selection of a third-party management
company, they argued they were prevented from discharging him from his duties. Based upon
these facts, the trial court granted a temporary injunction enjoining the parties from engaging in
any activity other than what is set forth in the temporary injunction. The court further ordered
that, if the parties could not agree to Wallerstein acting as interim property manager of the Ridge,
it would appoint a third-party property management company to assume the management
responsibilities pending a trial on the merits. Wallerstein brings this appeal challenging the order
granting the temporary injunction.



DISCUSSION


 A party may appeal an interlocutory order only under circumstances set forth by
statute, one of which is the granting of a temporary injunction. See Tex. Civ. Prac. & Rem. Code
Ann. § 51.014 (West 1986). The question on appeal from an order granting temporary injunction
is whether the trial court abused its discretion in granting the request for injunctive relief.

 A trial court may grant a temporary injunction if (1) the applicant is entitled to the
relief demanded and it is necessary to restrain some prejudicial act against him, (2) a party or
someone on his behalf engages in or is about to engage in activities in violation of the subject
matter of the suit which would tend to render the judgment ineffectual, (3) it is equitable and
permitted by statute, (4) it prevents a cloud from being placed on the title to real property under
certain circumstances, or (5) there is a threat of irreparable injury to real or personal property,
irrespective of any remedy at law. See Tex. Civ. Prac. & Rem. Code § 65.011 (West 1986 &
Supp. 1992).

 In a hearing on an application for temporary injunction, the trial court's sole
purpose is to determine whether an injunction is necessary to preserve the status quo pending a
trial on the merits. Transport Co. of Tex. v. Robertson Transps., Inc., 261 S.W.2d 549, 552
(Tex. 1953). Where the pleadings and evidence demonstrate probable injury and a probable right
of recovery, the trial court has broad discretion in determining whether to issue a temporary
injunction and will be reversed only on a showing of an abuse of discretion. Id. An abuse of
discretion occurs when the trial court's decision to grant the temporary injunction is arbitrary and
capricious. Landry v. Travelers Ins. Co., 458 S.W.2d 649 (Tex. 1970).

 By points of error two and three, Wallerstein contends that there is insufficient
evidence to show irreparable harm and lack of an adequate remedy at law. However, it is not
always necessary to show both irreparable harm and lack of an adequate remedy at law where the
principles of equity require the granting of injunctive relief despite the existence of a remedy at
law. See 183/620 Group Joint Venture v. SPF Joint Venture, 765 S.W.2d 901, 903 (Tex.
App.--Austin 1989, writ dism'd w.o.j.). We think such a situation exists in this case.

 As general partner, Wallerstein has enormous latitude in how he conducts the
business affairs of the partnerships. Accordingly, he owes the other partners the highest fiduciary
duty recognized by law. Crenshaw v. Swenson, 611 S.W.2d 886, 890 (Tex. Civ. App.--Austin
1980, writ ref'd n.r.e.). The record shows that, by his own admissions, Wallerstein was self-dealing by using partnership funds for his own purposes. We do not agree with Wallerstein's
position that so long as the loans were repaid, the limited partners suffered no harm. A general
partner owes the partnership his loyalty and is not permitted to violate his duties for his own
benefit, even if his co-partners suffer no damages. See Crenshaw, 611 S.W.2d at 890.

 Wallerstein insists that if he used partnership funds for purposes unrelated to the
partnership, the limited partners' remedy is monetary damages in the amount of any loss suffered. 
While this remedy may be available, a trial court will not deny a request for a temporary
injunction unless the legal remedy is "as practical and efficient to the ends of justice as the
equitable remedy." See Jeter v. Associated Rack Corp., 607 S.W.2d 272, 278 (Tex. Civ.
App.--Texarkana 1980, writ ref'd n.r.e.). We applied this principle in SPF Joint Venture. In that
case, the project manager was entrusted with large sums of money which were to be expended for
improvements to the property. The project manager used the money for purposes outside the
contract, and the landowner requested that he be restrained from making any similar expenditures
pending a trial on the merits. We stated that, where a party has breached his fiduciary
responsibilities, "it is meaningless to require the applicant to demonstrate that his remedy at law
is inadequate" because a court at law cannot give a remedy in such cases. SPF Joint Venture, 765
S.W.2d at 903. Thus, we hold that the trial court did not abuse its discretion in enjoining
Wallerstein from any further breaches of his fiduciary responsibilities.

 Wallerstein also attacks the temporary injunction by claiming that the limited
partners did not come to court with "clean hands" because they did not promptly seek to enforce
their contractual rights. While it is well settled that the party requesting equitable relief must
come to court with clean hands, it is within the discretion of the trial court to determine whether
the party has done so. Wynne v. Fischer, 809 S.W.2d 264, 267 (Tex. App.--Dallas 1991, writ
denied). The plaintiff comes to court with unclean hands if he is guilty of unlawful or inequitable
conduct with regard to the subject matter of the suit. Id. Moreover, the trial court should not
grant equitable relief if, in its judgment (1) the defendant will be seriously harmed by the other
party's actions, and (2) the wrong complained of cannot be corrected. See Rodgers v. Tracy, 242
S.W.2d 900, 905 (Tex. Civ. App.--Amarillo 1951, writ ref'd n.r.e.). We find nothing in the
record that leads us to conclude that the limited partners came to court with unclean hands, that
Wallerstein will be seriously harmed by the actions of the limited partners, or that any wrong
complained of cannot be corrected. Points of error numbers one, two and three are overruled.

 In his fourth point of error, Wallerstein complains that the trial court erred in
granting injunctive relief because it disrupts the status quo. To preserve the status quo is to return
the subject of the litigation to the "last, actual, peaceable, non-contested status that preceded the
pending controversy." State v. Southwestern Bell Tel. Co., 526 S.W.2d 526, 528 (Tex. 1975). 
We previously have stated that sometimes the status quo is a condition "not of rest, but of action." 
See McMurrey Ref. Co. v. State, 149 S.W.2d 276, 279 (Tex. Civ. App.--Austin 1941, writ ref'd). 
Just such a condition exists in this case. The last actual, peaceable, noncontested status was the
one that existed prior to Wallerstein assuming the property management responsibilities of the
Ridge. In other words, the status quo existed when the Republic Group managed the property and
the Ridge's funds were being used solely for partnership purposes. To restore this status quo, the
trial court ordered the appointment of an interim third-party management company to insure that
the Ridge operates smoothly and that rents are collected pending trial on the merits. Point of error
number four is overruled.

 Contrary to Wallerstein's claim, the temporary injunction does not, in essence,
rewrite the partnership agreements; it merely attempts to maintain the status quo pending an
interpretation of those agreements. Wallerstein insists that he cannot be removed from his
position as general partner unless he fails to cure a material breach of the partnership agreements. 
As we stated in Crenshaw, where a general partner breaches his fiduciary duty to the limited
partners, the court must take action to prevent further violation of that duty. Crenshaw, 611
S.W.2d at 891.

 It is not enough that a defendant cease or promise to cease certain activity if the
trial court finds it necessary under the rules of equity to grant injunctive relief. Fan-Reed, Inc.
v. Upper Neches River Mun. Water Auth., 651 S.W.2d 356, 359 (Tex. App.--Tyler 1983, no writ). 
The supreme court has held that injunctive relief may be granted where certain activities of a party
are deemed to be a settled course of conduct up to or near the time of trial. State v. Texas Pet
Foods, Inc., 591 S.W.2d 800, 804 (Tex. 1980). Moreover, it is within the discretion of the trial
court to assume that the same course of conduct will continue in the absence of convincing
evidence to the contrary. See State v. Texas Pet Foods, Inc., 591 S.W.2d at 804. Since the
record is devoid of any such convincing evidence, the trial court did not improperly assume that
Wallerstein's conduct would continue. Points of error numbers six and seven are overruled.

 In his fifth point of error, Wallerstein contends that even if injunctive relief is
necessary, the relief granted goes beyond what was requested by the limited partners' pleadings. 
We need not reach this point, however, since Wallerstein failed to preserve this complaint. To
preserve error, Wallerstein must have objected to or brought to the trial court's attention any non-conformance of the temporary injunction to the plaintiffs' pleadings. See Tex. R. App. P. 52(a). 
There being no such evidence in the record, Wallerstein has waived his right to raise this point
of error on appeal. Point of error number five is overruled.



CONCLUSION


 We hold that the trial court below did not abuse its discretion in issuing the
temporary injunction. We, therefore, affirm the order granting a temporary injunction.



 

 Bea Ann Smith, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: November 25, 1992

[Do Not Publish]

1.   Joel Wallerstein was also joined in the original suit for allegedly aiding his father in
the acquisition of the $40,000 loan and failing to disclose the note on the balance and
operating statements of the Ridge; however, he is not a party to this appeal.