The CITY OF HOUSTON and the Fire Fighters' and Police Officers' Civil Service Commission for the City of Houston, Appellants,

v.

Alan WOOLLEY and the Houston Police Officers' Union, Appellees.

No. 01–00–01273–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 12, 2001.

Rehearing Overruled Aug. 20, 2001.

851

John Fisher, Houston, for appellants.

Robert J. Thomas, Aaron Jeffries Suder, Houston, for appellees.

Panel consists of Justices MARGARET GARNER MIRABAL, JENNINGS, and DUGGAN.*

**OPINION**

JENNINGS, Justice.

The City of Houston and the Fire Fighters' and Police Officers' Civil Service Commission bring this interlocutory accelerated appeal of a temporary injunction

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

against them and in favor of the Houston Police Officers' Union and Officer Alan Woolley. Presenting two issues for review, the City argues that the trial court abused its discretion in granting the temporary injunction because (1) the Union did not show a probable right and a probable injury, and (2) the trial court misapplied the law and erroneously construed the applicable statutory provisions.

The material facts in this case are undisputed. The parties agree that the issue in dispute is a matter of law and turns on the construction of the applicable provisions of the Texas Local Government Code. We must therefore construe these provisions as a matter of law, and apply the law to the undisputed facts. Because we conclude the trial court erred, as a matter of law, in its construction of the relevant provisions of the Texas Local Government Code, we vacate the temporary injunction.

## Background

This case involves the employment grievance procedure for all police officers and fire fighters employed by the City of Houston. The grievance procedure at issue is established by Chapter 143 of the Texas Local Government Code, and involves a four-step process. TEX. LOC. GOV'T CODE ANN. § 143.127(d) (Vernon 1999). Steps I and II of the process involve the employee presenting a grievance to an immediate supervisor and then to a department head (or designated representative). Id. §§ 143.128(b), 143.129(b) (Vernon 1999).

Step III of the process permits the employee to request a hearing concerning the grievance before a grievance examiner appointed by the Civil Service Commission. Id. § 143.130(b) (Vernon 1999). The step III hearing is conducted as an informal administrative procedure, although the parties may present affidavits and/or witnesses for examination under oath, and the grievance examiner may administer oaths and subpoena witnesses, documents, and other pertinent materials. Id. §§ 143.130(c), 143.132(b) (Vernon 1999).

The parties may be represented by anyone, including legal counsel, and such representatives are entitled to participate fully in the proceedings. Id. § 143.134(a) (Vernon 1999). A record is made of the hearing by a court reporter. Id. § 143.130(c). Upon the completion of the step III hearing, the grievance examiner is required to make written findings and a recommendation for a solution of the grievance. Id. § 143.130(d).

If either party does not accept the solution proposed by the grievance examiner, it may seek review by the Civil Service Commission under step IV of the grievance process. Id. § 143.131(b) (Vernon 1999). The Commission is required to review the grievance examiner's findings and recommendation and provide its decision. Id. In making its decision, the Commission "shall base its decision solely on the transcript and demonstrative evidence offered and accepted at the step III hearing." Id. § 143.131(c). Its decision is the final step in the grievance process.

The Houston Police Officers' Union alleges that beginning in June of 2000 the Commission allowed the City to file "written materials," which were not part of the official step III transcript, in several step IV appeals. The City contends these written "briefs" were necessary to identify the pertinent issues for the Commission. The Union further alleges that an order entered by the Commission on July 28, 2000 addressing the filing and content of briefs at the step IV grievance level was not a procedural matter, but an attempt to exceed the authority of the Commission by amending or altering the provisions of Chapter 143 as enacted by the legislature.

The Union filed a petition in the trial court seeking a temporary restraining order and an injunction against the City to prohibit the City from submitting any materials not previously submitted to the Civil Service Commission during step IV of the employment grievance proceedings of any of the Union's member officers. The Union also sought a declaratory judgment regarding the rights of its member officers under the provisions of section 143.131 of the Texas Local Government Code.

The trial court issued a temporary restraining order against the City, prohibiting the City from submitting any materials not previously presented to the Civil Service Commission for its consideration during step IV of the grievance process and further prohibiting the Commission from allowing the City to submit such materials. After a hearing, the trial court granted a temporary injunction similar to the temporary restraining order but limited in its scope to the grievance proceedings involving only police officers represented by the Houston Police Officers' Union.[1]

### Analysis

■ An applicant for a temporary injunction must establish it has a probable right to the relief sought and it will suffer a probable injury in the interim pending trial on the merits. *Walling v. Metcalfe,* 863 S.W.2d 56, 57 (Tex.1993); *City of Friendswood v. Registered Nurse Care Home,* 965 S.W.2d 705, 707 (Tex.App.—Houston [1st Dist.] 1998, no pet). The decision to grant or deny a temporary injunction lies within the sound discretion of the trial court, and we will not reverse that decision absent an abuse of discretion. *Walling,* 863 S.W.2d at 58; *CRC–Evans Pipeline Int'l, Inc. v. Myers,* 927 S.W.2d 259, 262 (Tex.App.—Houston [1st Dist.]

1996, no writ). An erroneous application of the law to undisputed facts will constitute an abuse of discretion. *City of Spring Valley v. Southwestern Bell Tel. Co.,* 484 S.W.2d 579, 581 (Tex.1972).

■ The temporary injunction granted by the trial court in this case rests upon statutory construction of relevant provisions of the Texas Local Government Code. Matters of statutory construction are questions of law for the courts to decide. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989). Our objective in construing a statute is to determine and give effect to the intent of the lawmaking body. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998); *City of Houston v. Morua,* 982 S.W.2d 126, 129 (Tex.App.—Houston [1st Dist.] 1998, no pet.). In so doing, we look first to the plain and common meaning of the statute's words. *Liberty Mut. Ins.,* 966 S.W.2d at 484; *see also Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 865 (Tex.1999). We also construe the statute in the light of the entire body of law existing at the time of its enactment. *City of Ingleside v. Kneuper,* 768 S.W.2d 451, 454 (Tex.App.—Austin 1989, writ denied). Further, we consider the entire statute, not simply disputed portions. *Bridgestone/Firestone, Inc. v. Glyn–Jones,* 878 S.W.2d 132, 133 (Tex.1994); *Berel v. HCA Health Servs. of Texas, Inc.,* 881 S.W.2d 21, 25 (Tex.App.—Houston [1st Dist.] 1994, writ denied). Each provision must be construed in the context of the entire statute of which it is a part. *Bridgestone/Firestone, Inc.,* 878 S.W.2d at 133. We also should not adopt a construction that would render a law or provision absurd or meaningless. *See Chevron Corp. v. Redmon,* 745 S.W.2d 314,

1. The Houston Police Officers' Union is not the only union officers may join. There are other unions who are not parties to this appeal.

316 (Tex.1987); *Mueller v. Beamalloy, Inc.*, 994 S.W.2d 855, 860 (Tex.App.—Houston [1st Dist.] 1999, no pet.). In construing a statute, a court may consider the (1) object sought to be obtained; (2) circumstances under which the statute was enacted; (3) legislative history; (4) common law or former statutory provisions, including laws on the same or similar subjects; (5) consequences of a particular construction; (6) administrative construction of the statute; and (7) title (caption), preamble, and emergency provision. TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998). We review the disputed provisions of the Texas Local Government Code with these rules in mind.

The Union argues that the wording of section 143.131 prohibits either party to the grievance process from filing any materials of any kind with the Commission at the step IV appeal because the Commission must base its decision "solely" on the record of the step III hearing. We disagree. The plain language of section 143.131 does not preclude the filing of briefs unaccompanied by supplementary evidentiary material; it merely limits what evidence may form the basis of the Commission's decision.

Further, Chapter 143 specifically permits the parties to the grievance process to file briefs with the Commission. In the sole section of the code governing communication with members of the Commission, the statute provides:

> While any matter subject to a hearing under this chapter is pending, a person may not, except in giving sworn testimony at the hearing or as otherwise provided by law, communicate with the commission, a hearing examiner, or a grievance examiner regarding the facts of the matter under consideration unless the other party or their representative is present. *Notwithstanding the provisions of this subsection, it shall not be a violation for either party to file written briefs or written motions in the case if copies were served on the opposing party.*

TEX. LOC. GOV'T CODE ANN. § 143.1018(a) (Vernon 1999) (emphasis added).

The Union contends that this section does not apply to the step IV level of a grievance proceeding because once a grievance reaches step IV, it is no longer "subject to a hearing" and no further evidence can be presented. However, this reading strains the clear language of the statute. The section clearly prohibits communication with members of the Commission concerning a particular grievance while that grievance is pending, not only while a hearing on that grievance is pending. To read the statute otherwise would permit parties to engage in ex parte communication with members of the Commission concerning a particular grievance once it reached the step IV level and before a final decision was made, rendering section 143.1018 absurd or meaningless. *See Redmon*, 745 S.W.2d at 316; *Mueller*, 994 S.W.2d at 860.

■ We conclude that nothing in section 143.131 prohibits the filing of briefs with the Commission at the step IV level of the grievance process, and we hold that section 143.1018 specifically permits the parties to file briefs with the Commission at any level of the process under the terms outlined therein.

The Union also complains about the types of arguments advanced by the City in the briefs previously filed with the Commission at the step IV level. Although it appears that the trial court was shown copies of such briefs at the hearing, no such copies are contained in the record for review by this Court.

The Union further argues that the July 28, 2000 order entered by the Commission addressing the filing of briefs at the step IV grievance level is not a procedural rule, but rather an attempt to exceed the authority of the Commission by amending or altering the ·provisions of Chapter 143 as enacted by the legislature. The "Final Order" entered by the Commission provides that either party to a grievance proceeding at the step IV appeal may, but is not required to, file a two-page, double-spaced brief with the Commission, either typed or handwritten in blue or black ink. The briefs must be based upon the issues and evidence presented at the step III hearing, and "[n]o new evidence, testimony, documents, issues or concerns may be included which were not admitted by the Hearing Examiner at Step III." The parties also may not file any additional affidavits with such briefs. Thus, the Commission's order does not amend or alter the provisions of Chapter 143 and is in compliance with its rule making authority. TEX. LOC. GOV'T CODE ANN. § 143.008(a) (Vernon 1999).

We sustain the appellants' second issue. Because we conclude that trial court erred in its construction of the relevant portions of Chapter 143 of the Texas Local Government Code, we need not address the appellants' first issue.

We vacate the temporary injunction granted by the trial court.