# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00691-CV

**University Interscholastic League and William Farney,**
**Executive Director, Appellants**

**v.**

**C. J. Hatten, Jr. and Mathew Hatten, by and through their father,**
**Marion Craig Hatten, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. GN304034, HONORABLE PATRICK O. KEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this accelerated, interlocutory appeal[1] of a case that is set for trial on May 24, 2004, we must decide whether the district court abused its discretion in granting two temporary injunctions in favor of appellees, C.J. Hatten, Jr. and Mathew Hatten, by and through their father, Marion Craig Hatten. The temporary injunctions restrained appellants, University Interscholastic League and William Farney, its executive director (collectively "UIL"), from enforcing their decision that appellees were ineligible to play high school athletics because they changed schools for athletic purposes.

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West 1997) (interlocutory appeal available from grant of temporary injunction).

In three issues, the UIL contends that the district court erred in granting the temporary injunctions. In evaluating the issues on appeal from a temporary injunction, we do not review the merits. Given the nature of the appeal and without commenting on the subject matter of the lawsuit, we affirm the orders of the district court granting the temporary injunctions.

**BACKGROUND**

In the 2002-2003 school year, C.J. and Mathew were in athletics programs at their high school in the Celina Independent School District ("I.S.D."). In March 2003, the Hatten family moved from Celina to Pilot Point. The UIL prohibits participation in sports if a student changes schools for athletic purposes. To be able to participate in athletics in the Pilot Point I.S.D., C.J. and Matthew had to receive approval from the Celina I.S.D. that their move was not for athletic purposes. The Celina athletic director determined that the move was for athletic purposes, which prevented C.J. and Mathew from participating in the athletic program at Pilot Point for one year. The UIL district executive committee agreed. The Hattens appealed to the UIL state executive committee, which affirmed the decision.

In October 2003, the Hattens filed suit in a Travis County district court. They sought a declaration that they have a due process interest under the Texas Constitution because of the stigmatizing effect of the UIL's actions and in turn have been deprived of the full evidentiary hearing to which they are entitled. The district court issued temporary restraining orders and later temporary injunctions barring the UIL from enforcing its decision. The district court also set the case for trial on May 24, 2004. Both this Court and the supreme court denied the UIL's petitions for writ of mandamus. It is from the temporary injunction orders that the UIL appeals.

## ANALYSIS

In three issues, the UIL contends that the district court erred in granting the temporary injunctions because (i) the Hattens' allegations are legally insufficient; (ii) they have received all of the process that they were due; and (iii) they have an adequate remedy at law. The purpose of a temporary injunction is to preserve the status quo pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.* (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993); *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex. 1968)). To establish a probable right to the relief sought, the applicant is not required to establish that it will finally prevail in the litigation. *See Transport Co. of Tex. v. Robertson Transp., Inc.*, 261 S.W.2d 549, 552 (Tex. 1953). To establish an irreparable injury, the applicant must show that it "cannot be adequately compensated in damages or . . . the damages cannot be measured by any certain pecuniary standard." *Butnaru*, 84 S.W.3d at 204 (citing *Canteen Corp. v. Republic of Tex. Props., Inc.*, 773 S.W.2d 398, 401 (Tex. App.—Dallas 1989, no writ)).

In an appeal from an order granting a temporary injunction, our review is confined to the validity of that order under an abuse of discretion standard of review. *Walling*, 863 S.W.2d at 58. We presume that the temporary injunction is not improvidently granted and that the record as a whole supports the trial court's action in granting the temporary injunction. *Murphy v. McDaniel*, 20 S.W.3d 873, 877 (Tex. App.—Dallas 2000, no pet.). This Court may neither

3

substitute its judgment for that of the trial court nor consider the merits of the lawsuit. *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 576 (Tex. App.—Austin 2000, no pet.). Rather, we view the evidence in the light most favorable to the trial court's order, indulging every reasonable inference in its favor, and determine whether the order was so arbitrary as to exceed the bounds of reasonable discretion. *Id.* An abuse of discretion exists when the court misapplies the law to established facts or when it concludes that the applicant has demonstrated a probable injury or a probable right to recovery and the conclusion is not reasonably supported by the evidence. *Reagan Nat'l Adver. v. Vanderhoof Family Trust*, 82 S.W.3d 366, 370 (Tex. App.—Austin 2002, no pet.).

### Legal Sufficiency of the Allegations

The UIL's first and second issues pertain to whether the district court abused its discretion in finding that the Hattens have a probable right to the relief sought. To establish a probable right to recover, a party "is not required to prove that [it] will prevail on final trial in order to invoke the trial court's discretion to grant a temporary injunction." *Oil Field Haulers Ass'n v. Railroad Comm'n*, 381 S.W.2d 183, 196 (Tex. 1964). A probable right of success on the merits is shown by alleging a cause of action and introducing evidence that tends to sustain it. *T-N-T Motorsports, Inc. v. Hennessey Motorsports, Inc.*, 965 S.W.2d 18, 23-24 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd). We will affirm the trial court's decision as long as there are grounds to believe that the claim has merit. *183/620 Group Joint Venture v. SPF Joint Venture*, 765 S.W.2d 901, 904 (Tex. App.—Austin 1989, writ dism'd w.o.j.) ("appellee . . . required only to adduce evidence that tends to support his right to recover on the merits").

4

In its first issue, the UIL contends that the Hattens' causes of action are legally insufficient to maintain their claims in part because the Hattens do not have a constitutionally protected interest to participate in extracurricular activities. *See In re University Interscholastic League*, 20 S.W.3d 690, 692 (Tex. 2000) ("right to participate in extracurricular activities is not a fundamental right"). However, the Hattens did not assert this right. Instead, among their causes of action, the Hattens sought a declaration that they have a due process interest under the Texas Constitution because of the stigmatizing effect of the UIL's actions. Procedural due process is necessary when a property or liberty interest protected under article I, section 19 of the Texas Constitution is threatened by government action. *University of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995). The UIL, citing *Paul v. Davis*, correctly states that reputation alone is not a protected liberty or property interest. 424 U.S. 693, 701 (1976). But the Hattens do not assert an injury to reputation alone. Their claim additionally implicates their ability to make decisions about child rearing, education, and family relationships without government intrusion. "[T]he interest of parents in the care, custody, and control of their children . . . is perhaps the oldest of the fundamental liberty interests recognized by" the Supreme Court. *Troxel v. Granville*, 530 U.S. 57, 65 (2000). This liberty interest "includes the right of parents to 'establish a home and bring up children' and 'to control the education of their own.'" *Id.* (citing *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923)).

The Hattens presented evidence that they moved to preserve their family relationships and provide a better educational environment for their children. They further presented evidence that their reputations in the community were at stake because of the UIL's actions. Kim Hatten, the boys' mother, testified at the two temporary injunction hearings that local newspapers published stories

5

about her sons not being able to participate in athletics. She further testified that it was embarrassing to the family. Without commenting on the merits, from this evidence the district court could have concluded that the Hattens have a probable right to recover on their claim that they have a due process interest under the Texas Constitution. We overrule the UIL's first issue.

*Due Process*

In its second issue, the UIL contends that the Hattens were afforded all of the process that they were due and thus that they cannot demonstrate a probable right to recovery based on allegations that they were denied sufficient procedural due process. "Due process at a minimum requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Than*, 901 S.W.2d at 930 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)). The process due is measured by a flexible standard depending on the practical requirements of the circumstances. *NCAA v. Yeo*, 114 S.W.3d 584, 598 (Tex. App.—Austin 2003, pet. filed) (citing *Mathews*, 424 U.S. at 334; *Goss v. Lopez*, 419 U.S. 565, 578 (1975)). Here, Craig Hatten and Kim Hatten attested in their affidavits that at their hearing before the UIL district executive committee, they attempted to present evidence about why they moved from Celina to Pilot Point. All they were allowed to discuss, however, were the athletic reasons for their move and their complaints about the athletic program in Celina. Again, without commenting on the merits, from this evidence the district court could have concluded that the Hattens have a probable right to recover on their claim that they were denied sufficient procedural due process. Accordingly, we cannot say that the district court abused its discretion in its

6

determination that the Hattens have a probable right of recovery. We overrule the UIL's second issue.

### *Adequate Remedy at Law*

In its third issue, the UIL contends that the district court abused its discretion in finding that the Hattens have no adequate remedy at law. The UIL asserts that the Hattens have an adequate remedy at law in their appeal of the state executive committee's decision to a Travis County district court. But that is not the standard. To demonstrate no adequate remedy at law when seeking a temporary injunction, a party must show "an injury for which there can be no real legal measure of damages or none that can be determined with a sufficient degree of certainty, *i.e.*, a noncompensable injury." *Thompson*, 24 S.W.3d at 577. The Hattens presented evidence that C.J. and Mathew's reputations had been damaged because of the UIL's decision that their change of schools was for athletic purposes. The Hattens also presented evidence that had the UIL's decision been enforced, C.J. would have missed his one opportunity to participate in athletics in his senior year; Mathew would have missed his one opportunity to participate in athletics in his junior year. Without commenting on the merits, from this evidence the district court could have concluded that the Hattens would likely suffer irreparable injury and that the nature of the Hattens' losses would make damages incapable of calculation. Accordingly, we cannot say that the district court abused its discretion in finding that the Hattens had no adequate remedy at law. We overrule the UIL's third issue.

At the hearings upon the Hattens' applications for temporary injunction, the only question before the district court was whether the Hattens were entitled to preservation of the status

7

quo of the subject matter of the suit pending a trial on the merits. *Butnaru*, 84 S.W.3d at 204. Here, the trial is scheduled for the coming month. Without intruding on the merits of the underlying cause of action, from the record before us at least some basis exists upon which the district court could have properly held that the Hattens were entitled to temporary injunctions pending the final hearing. Viewing the evidence in the light most favorable to the district court's orders, and indulging every reasonable inference in its favor, we cannot say that the orders were so arbitrary as to exceed the bounds of reasonable discretion. Having overruled all of the UIL's issues, we do not find that the district court abused its discretion in granting the temporary injunctions.

## CONCLUSION

We do not review the case on its merits; our review is confined to whether the district court abused its discretion in granting the temporary injunctions based on the record. There is evidentiary support from which the district court could have concluded that the Hattens met their burden. Accordingly, we affirm the orders of the district court granting the temporary injunctions.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   April 15, 2004

8