# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00411-CV

Lowe's Home Centers, Inc., Appellant

v.

City of Sunset Valley, Texas; Save Barton Creek Association, Inc.;
and Save Our Springs Alliance, Inc., Appellees

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
## NO. GV400101, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Lowe's Home Centers, Inc., brings an interlocutory appeal challenging the district court's order granting a temporary injunction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West 2003). Appellees[1] obtained a temporary injunction to prevent appellant from continuing construction activities on a thirty-one acre tract of land ("Garza Tract"). In one issue, appellant claims that the district court erred in finding that appellees showed a probable right to relief on the merits and granting the temporary injunction. We will affirm the district court's order.

---

[1] Appellees are the City of Sunset Valley, Texas; Save Barton Creek Association, Inc.; and Save Our Springs Alliance, Inc. We will refer to "appellees" collectively, unless discussing matters relevant to only one appellee. Although the City of Austin is a defendant in the underlying litigation, the temporary injunction restrained only Lowe's construction activities. Austin did not file a notice of appeal.

## Factual and Procedural Background

The underlying suit arose out of a series of events surrounding appellant's attempt to construct a "Lowe's Home Center" on the Garza Tract. The heart of the dispute is whether the Garza Tract lies within the City of Austin's extraterritorial jurisdiction. If it does, Austin's Save Our Springs (SOS) ordinance may govern appellant's project, resulting in the application of more stringent water quality standards to the development than those imposed by any other jurisdiction that might have authority over the project.[2]

Extraterritorial jurisdiction refers to the unincorporated area that is contiguous to the corporate boundaries of a municipality and is located within a specified distance of those boundaries, depending upon the number of inhabitants within the municipality.[3] In 1963, the ETJs of the City of Austin and Sunset Valley overlapped. Pursuant to state-law authorization to do so, Sunset Valley and Austin apportioned their ETJs in a 1978 agreement. The Garza Tract was allocated to Sunset Valley's ETJ.

---

[2] The Save Our Springs (SOS) ordinance was designed to protect water quality in the Barton Springs Edwards Aquifer watershed region by imposing restrictions such as limiting "impervious cover" on any given site. Austin City Code, art. 12, § 25-8-512. "Impervious cover" is the total horizontal area of covered spaces, paved areas, walkways, and driveways. *See City of Austin v. Garza*, 124 S.W.3d 867, 869 n.2 (Tex. App.—Austin 2003, no pet.). SOS's provisions apply to those areas within Austin and Austin's extraterritorial jurisdiction that contain watersheds contributing to Barton Springs. *See Quick v. City of Austin*, 7 S.W.3d 109, 112 (Tex. 1998).

[3] *See* Tex. Loc. Gov't Code Ann. § 42.021 (West 1999); *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 26 (Tex. 2003). The purpose of extraterritorial jurisdiction is to promote and protect the general health, safety, and welfare of persons residing in and adjacent to the municipalities. Tex. Loc. Gov't Code § 42.001; *City of San Antonio*, 111 S.W.3d at 26. Cities acquired extraterritorial jurisdiction in 1963. *See* Act of April 25, 1963, 58th Leg., R.S., ch. 160, § 3, 1963 Tex. Gen. Laws 447-48.

Appellant began planning to construct one of its stores on the Garza Tract, which it had acquired. In September 2002, appellant submitted a "concept plan" to Sunset Valley, based on its interpretation of Sunset Valley's land development code in effect at the time. Sunset Valley, disagreeing that such a concept plan was required, rejected the filing.

On November 4, 2002, appellant filed what it considered to be its second plat application with Sunset Valley. A special council meeting had been called on November 1 and was set for the evening of November 4. At that meeting, Sunset Valley passed a resolution releasing the Garza Tract from its ETJ. On November 6, Sunset Valley returned appellant's application and check based on a variety of deficiencies.

The meaning of that November 2002 resolution became central to the dispute over whose regulations controlled development on the Garza Tract. In December 2002, appellant submitted a request to the City of Austin to have development on the Garza Tract "grandfathered" so that the regulations of Sunset Valley in effect on November 4, 2002, would apply.[4] City of Austin staff rejected appellant's request. In February 2003, appellant filed suit for declaratory judgment concerning which jurisdiction's regulations controlled that land. Austin took the position that Sunset Valley had released the land from its ETJ back into Austin's ETJ and so Austin's regulations, including SOS, applied. In March 2003, apparently based on its interpretation that Sunset Valley's

---

[4] The record is not clear what prompted appellant's filing with Austin. Appellant contended that sections 242.001 and 245.002 of the Texas Local Government Code meant that the Sunset Valley regulations in effect as to the Garza Tract at the time it filed its plat application with Sunset Valley in November 2002 controlled. Section 242.001 deals generally with the expansion or reduction in a municipality's ETJ and its effect, or lack thereof, on a pending plat application. Section 245.002 deals with the interaction of a series of plat applications with changing regulations.

ETJ release meant that the Garza Tract was not in the ETJ of either Sunset Valley or Austin and that only Travis County regulations controlled development, appellant filed a plat application with Travis County.

In response to this specific dispute, the Texas Legislature passed House Bill 1204. Act of June 20, 2003, 78th Leg., R.S., ch.523, § 4, 2003 Tex. Gen. Laws 1790-93 (now codified as Tex. Loc. Gov't Code Ann. § 242.001(i) (West Supp. 2004-05)). Section 242.001(i) states that property subject to pending approval of a preliminary or final plat application filed after September 1, 2002, which is released from a municipality's ETJ, shall be subject only to county approval of the plat applications and related permits and county regulation of that plat.

The passage of HB 1204 caused Austin to become concerned that appellant would prevail in the declaratory judgment suit, leaving Travis County as the regulatory authority for the Garza Tract. Even if the Garza Tract was within Austin's ETJ and SOS would otherwise apply, HB 1204 might be interpreted to "grandfather" appellant's development out of SOS. Travis County regulations imposed no limitations on impervious cover and minimal controls on other factors affecting water quality. These concerns caused Austin to enter into negotiations with appellant. These negotiations resulted in the Garza Settlement that resolved the pending declaratory judgment suit. The settlement required appellant to pay money to Austin so it could purchase land for environmental mitigation and required appellant to follow certain environmental guidelines in developing the tract, but allowed a much greater "impervious cover" percentage on the land than that allowed by SOS. The Garza Settlement was passed by a simple majority of the Austin City Council on December 12, 2003, but the SOS ordinance requires a supermajority vote. Austin City Code, art.

4

12, § 25-8-512 (75% or 6 of 7 council members). Appellant then re-filed its plat application with Travis County, which approved the application. Appellees then brought the current suit, seeking to have the Garza Settlement declared void for its failure to comply with the SOS ordinance.

The trial court granted plaintiffs-appellees' motion for partial summary judgment that urged that the Garza Settlement violated the SOS ordinance (hereafter "the summary judgment"). The court also denied appellant's motion for summary judgment. Later, in the temporary injunction proceedings, the court found irreparable injury in the form of environmental degradation that could not be remedied by law if construction continued. The court found the appellees had a "probable right of recovery on the merits of their claims . . . whereby Plaintiffs assert a violation of the City of Austin's SOS Ordinance and that all conditions precedent to the granting of such injunctive relief have been satisfied."

**Discussion**

Injunctive relief may be granted if "irreparable injury to real or personal property is threatened, irrespective of any remedy at law." Tex. Civ. Prac. & Rem. Code Ann. § 65.011 (West 2003). To obtain a temporary injunction, the petitioner must prove three elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993). Appellant does not contest that appellees have a cause of action nor that they would suffer irreparable harm. Therefore, the crucial issue for our review is the trial court's determination that appellees have a probable right to the relief sought. *See Butnaru*, 84 S.W.3d at 204.

5

***"Probable Right" Through the Abuse of Discretion Lens***

A trial court's grant of a temporary injunction is reversed only if there is a clear abuse of discretion. *Id*.; *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex. 1981). The trial court abuses its discretion when it acts arbitrarily or unreasonably without reference to guiding rules or principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court abuses its discretion if it misapplies the law to the established facts of the case. *Reagan Nat'l Adver. v. Vanderhoof Family Trust*, 82 S.W.3d 366, 370 (Tex. App.—Austin 2002, no pet.). We view the evidence in the light most favorable to the trial court's order, indulging every reasonable inference in its favor, and determine whether the order was so arbitrary as to exceed the bounds of reasonable discretion. *Brammer v. K.B. Home Lone Star, L.P.*, 114 S.W.3d 101, 105-06 (Tex. App.—Austin 2003, no pet.); *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 576 (Tex. App.—Austin 2000, no pet.). We cannot reverse a trial court's order if the trial court was presented with conflicting evidence and the record included evidence that reasonably supports the trial court's decision. *Universal Health Servs.*, 24 S.W.3d at 576.

The party seeking an injunction must have at least one valid legal theory to support a probable right to recover. *Brammer*, 114 S.W.3d at 110. If a party does not deserve injunctive relief under any theory of law, imposing a temporary injunction is an abuse of discretion. *See City of Houston v. Woolley*, 51 S.W.3d 850, 854 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (temporary injunction enjoining statutorily permitted part of grievance procedure was abuse of discretion); *San Antonio v. Bee-Jay Enters. Inc.*, 626 S.W.2d 802, 804 (Tex. Civ. App.—San

6

Antonio 1981, no writ) (abuse of discretion when injunction erroneously attempted to bar enforcement of criminal statute which was not unconstitutional or otherwise void); *City of Pasadena v. Houston Endowment*, 438 S.W.2d 152, 158 (Tex. Civ. App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.) (abuse of discretion to enjoin actions authorized by statute); *cf. Iranian Muslim Org.*, 615 S.W.2d at 202 (denying injunction to protect exercise of constitutionally protected speech was abuse of discretion when court had no evidence, just speculation, offered in opposition to the injunction).

A ruling on temporary injunctive relief may not be used to obtain an advance ruling on the merits. *Iranian Muslim Org.*, 615 S.W.2d at 208; *Davis v. Huey*, 571 S.W.2d 859, 861-62 (Tex. 1978). The party seeking the injunction does not need to prove that it will prevail at trial. *Butnaru*, 84 S.W.3d at 211 (citing *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex. 1968)).

> The expression "probable right to recover" is a term of art; it does not imply any kind of determination that becomes the law of the case, and the district court did not, by its determinations, find the truth and apply the law based on "probabilities" in the meaning that word has in ordinary usage. Instead, concerning both the facts and the law, appellee was only required to show "that a bona fide issue exists as to his right to ultimate remedy."

*183/620 Group Joint Venture v. SPF Joint Venture*, 765 S.W.2d 901, 904 (Tex. App.—Austin 1989, writ dism'd w.o.j.) (quoting 6 Lowe, *Remedies* §114, at 188 (Texas Practice 2d ed. 1973)). The party seeking the temporary injunction must only adduce evidence that tends to support a right to recover on the merits. *Id. (citing Camp v. Shannon*, 348 S.W.2d 517, 519 (Tex. 1961)).

7

***Application to the Case***

Appellant contends that the summary judgment does not support appellees' probable right to relief. Indeed, appellant urges that as a matter of law appellees are not entitled to a temporary injunction.

Appellant argues that the SOS ordinance cannot apply to the Garza Tract because the that tract has not been within Austin's ETJ since the 1978 apportionment between Sunset Valley and Austin. Appellant urges that Sunset Valley's 2002 release of the tract did not cause it to revert to Austin's ETJ. Therefore, appellant argues, Austin has no legal authority over the Garza Tract and cannot impose SOS's regulations. If the SOS ordinance is irrelevant as a matter of law to the outcome of the case, urges appellant, then it would be unreasonable to base a probable right to recover solely on the resolution of that issue in the summary judgment invalidating the Garza Settlement. Appellant claims that the court simply relied on the summary judgment as the basis for appellees' probable right to recover. Accordingly, appellant asserts that we must review that summary judgment. This we may not do in an interlocutory challenge to a temporary injunction. *See Davis*, 571 S.W.2d at 862.

Further, both the language of the order and the record from the temporary injunction hearing show that the trial court did not base its decision solely on the summary judgment. The order states:

> [H]aving considered the applicable authorities, the evidence admitted at hearing, and the argument of counsel for all parties . . . .
>
> . . . .

8

The Court further finds that Plaintiffs have a probable right of recovery on the merits of their claims against Defendant Lowe's whereby Plaintiffs assert a violation of the City of Austin's SOS Ordinance and that all conditions precedent to the granting of such injunctive relief have been satisfied.

The hearing that resulted in this order was vigorously contested. Although the court had a letter from Judge Livingston[5] stating that the motion for summary judgment was granted and directing the parties to draft a judgment, the record indicates that it did not have the order granting summary judgment in front of it at the hearing on the temporary injunction as the order had not yet been signed. The parties controverted the scope of the matters that had been at issue at the time of the summary judgment. At the temporary injunction hearing, the court reviewed both previous motions for summary judgments and responses in order to determine what had been decided in the summary judgment. It also heard evidence and argument concerning the question of whose ETJ, if any, contained the Garza Tract. It heard evidence and argument concerning the agreement between Sunset Valley and Austin and how the Garza Tract might still belong in Austin's ETJ.[6] The parties also argued over the possible applicability of various "grandfathering" laws that would take the land outside the application of SOS even if it were in Austin's ETJ.

Although the trial court indicated that it was not inclined to disturb the previously decided summary judgment, it did have to review the same summary judgment material to determine

---

[5] Judge Livingston disposed of both appellant's and appellees' motions for summary judgment, granting appellees' and denying appellant's.

[6] It was argued that the Garza Tract lies within Austin's ETJ under the general rule defining a city's ETJ. *See* Tex. Loc. Gov't Code Ann. § 42.021 (West 1999). Accordingly, the only way for the Garza Tract to be outside Austin's ETJ is through an apportionment to another jurisdiction. In the alternative, it was also argued that the effect of Sunset Valley's release of the Garza Tract was to return it to Austin's ETJ.

what had been at issue. Based on its review of the summary judgment material and other evidence developed at the hearing on the temporary injunction, it concluded that the appellees had a probable right to recover based on the possible applicability of the SOS ordinance. (As noted by appellant at the hearing, there was no reason to enjoin unless the Court found the tract might be in Austin's ETJ and SOS applied.) Appellees did not need to establish that they would ultimately prevail on the merits. They simply had to show a bona fide issue exists as to their right to ultimate relief. *See 183/620 Group Joint Venture*, 765 S.W.2d at 904. On this interlocutory appeal that suffices to support the trial court's decision to impose a temporary injunction. *Id*.

Appellant makes a variety of other arguments on appeal. The arguments concern matters that were raised in its motion for summary judgment that was denied. We do not review the trial court's denial of that motion in this interlocutory appeal.

**Conclusion**

Appellees did not have to prove that they would ultimately prevail at a trial on the merits. *Butnaru*, 84 S.W.3d at 211. Appellees presented at least one valid legal theory to support a probable right to recover: the possible applicability of the SOS ordinance and the City's failure to comply with it in reaching the Garza Settlement. *See Brammer*, 114 S.W.3d at 110. The trial court considered conflicting evidence that reasonably supports its decision. *See Universal Health Servs.*, 24 S.W.3d at 576. Viewing the evidence in the light most favorable to the court order and indulging every reasonable inference in its favor, we cannot say the order was so arbitrary as to

10

exceed the bounds of reasonable discretion. *Brammer*, 114 S.W.2d at 105; *Universal Health Servs.*, 24 S.W.3d at 576. Accordingly, we affirm the trial court's order.[7]

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton: Opinion by Chief Justice Law; Concurring Opinion by Justice Pemberton

Affirmed

Filed: December 9, 2004

_____

[7] Appellant's pending motion to expedite disposition of the motion to increase temporary injunction bond and motion to increase temporary injunction bond are dismissed. Appellant's motion for leave to file supplemental brief is granted.

11